---

**Fill in this information to identify the case:**

United States Bankruptcy Court for the <u>Southern District of Texas</u>

Case number (*if known*): _____ Chapter <u>11</u>

☐ Check if this is an amended filing

---

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy 04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

**1.   Debtor's name**    Basic Energy Services, Inc.

**2.   All other names debtor used in the last 8 years**    N/A

Include any assumed names, trade names, and *doing business as* names

**3.   Debtor's federal Employer Identification Number** (EIN)    54-2091194

**4.   Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 801    Cherry Street, Suite 2100<br>Number   Street | Number      Street |
| | P.O. Box |
| Fort Worth    Texas    76102<br>City      State      ZIP Code | City    State    ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Tarrant<br>County | Number      Street |
| | City    State    ZIP Code |

**5.   Debtor's website** (URL)    www.basices.com

**6.   Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other.  Specify: _____

Debtor     Basic Energy Services, Inc.                                    Case number (if known)
           Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax- exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes.

2131 – Oil & Gas Field Services

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625.  If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1),  its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000 **and it chooses to proceed under Subchapter V of Chapter 11.**  If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of  creditors, in accordance with 11 U.S.C. § 1126(b).

☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the  Securities and Exchange Commission according to § 13 or 15(d) of the Securities  Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☐ No

☒ Yes     District   Delaware          When   October 25, 2016     Case number   16-12320 (KJC)
                                               MM/ DD/ YYYY

           District _____     When _____       Case number _____
                                               MM / DD/ YYYY

Debtor    Basic Energy Services, Inc.                                                    Case number (if known)
          Name

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes    Debtor    See Schedule 1    Relationship    See Schedule 1

         District    Southern District of Texas    When    August 17, 2021
                                                           MM / DD / YYYY

         Case number, if known    _____

---

**11. Why is the case filed in this district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard?    _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other    _____

**Where is the property?**    _____
                              Number         Street

                              _____
                              City                    State         ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency    _____

              Contact Name    _____

              Phone    _____

---

| Statistical and administrative information |
| --- |

---

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

(on a consolidated basis with all affiliated debtors)

| | | |
| --- | --- | --- |
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☒ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

| Debtor | Basic Energy Services, Inc. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**15. Estimated assets**
(on a consolidated basis with all affiliated debtors)

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☒ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**
(on a consolidated basis with all affiliated debtors)

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☒ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## ■ Request for Relief, Declaration, and Signatures

**WARNING** – Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- ■ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- ■ I have been authorized to file this petition on behalf of the debtor.
- ■ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  August 17, 2021
MM / DD/ YYYY

✗  /s/ Adam L. Hurley                          Adam L. Hurley
Signature of authorized representative of debtor          Printed name

Executive Vice President, Chief Financial Officer, Treasurer and Secretary
Title

**18. Signature of attorney**

✗  /s/ Alfredo R. Pérez                   Date  August 17, 2021
Signature of attorney for debtor                MM / DD / YYYY

Alfredo R. Pérez                          Ray C. Schrock, P.C.
Printed Name

Weil, Gotshal & Manges LLP                Weil, Gotshal & Manges LLP
Firm Name

700 Louisiana Street, Suite 1700          767 Fifth Avenue
Address

Houston, Texas 77002                      New York, New York 10153
City/State/Zip

(713) 546-5000                            (212) 310-8000
Contact Phone

Alfredo.Perez@weil.com                    Ray.Schrock@weil.com
Email Address

15776275                Texas
Bar Number              State

## Schedule 1

### Pending Bankruptcy Cases Filed by the Debtor and its Affiliates

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas (the "**Court**").  A motion will be filed with the Court requesting that the chapter 11 cases of the entities listed below be consolidated for procedural purposes only and jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.  Additional information about the relationship between each entity is contained in the *Declaration of Adam L. Hurley in Support of the Debtors' Chapter 11 Petitions* (the "**Hurley Declaration**") and the *Declaration of James A. Mesterharm in Support of the Debtors' Chapter 11 Petitions and Related Requests for Relief* (the "**Mesterharm Declaration**" and, together with the Hurley Declaration, the "**First Day Declarations**"), filed contemporaneously herewith.

| COMPANY |
| --- |
| Basic Energy Services, L.P. |
| Basic Energy Services, Inc. |
| C&J Well Services, Inc. |
| KVS Transportation, Inc. |
| Indigo Injection #3, LLC |
| Basic Energy Services GP, LLC |
| Basic Energy Services LP, LLC |
| Taylor Industries, LLC |
| SCH Disposal, L.L.C. |
| Agua Libre Holdco LLC |
| Agua Libre Asset Co LLC |
| Agua Libre Midstream LLC |
| Basic ESA, Inc. |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **BASIC ENERGY** | § | **Case No. 21-_____ (___)** |
| **SERVICES, INC.** | § | |
| | § | |
| **Debtor.** | § | |
| | § | |
| **Tax I.D. No. 54-2091194** | § | |
| | § | |

**Attachment to Voluntary Petition for
Non-Individuals Filing for Bankruptcy under Chapter 11**

1.      If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is **001-32693**.

2.      The following financial data is the latest available information and refers to the debtor's condition on 3/31/2021.

a. Total assets                                                           $ 331 million

b. Total debts (including debts listed in 2.c., below)     $ 549 million

c. Debt securities held by more than 500 holders          N/A

|  |  |  | | Approximate number of holders: |
|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $_____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $_____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $_____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $_____ | _____ |

d. Number of shares of preferred stock                      118,805

e. Number of shares common stock                           24,899,932

Comments, if any:

_____
_____
_____

3.      Brief description of debtor's business:

The Debtor is the direct or indirect parent of a group of companies that operate the following businesses:

   a)   a wellsite services business maintaining production from the oil and gas wells within its operating areas.  The operations are managed regionally and are concentrated in major United States onshore oil-producing regions located in Texas, California, New Mexico, Oklahoma, Arkansas, Louisiana, Wyoming, North Dakota, Colorado and Montana. Operations are focused in prolific basins that have historically exhibited strong drilling and production economics in recent years as well as natural gas-focused shale plays characterized by prolific reserves. The Companies have a significant presence in the Permian Basin, Bakken, Los Angeles and San Joaquin Basins, Eagle Ford, Haynesville and Powder River Basin, providing services to a diverse group of over 2,000 oil and gas companies.

   b)   a rig servicing provider within the United States.

4.      List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:

| Shareholder | Shares Held | Percent of Common Shares Outstanding |
|---|---|---|
| Ascribe III Investments LLC | 118,805[1] | 85.06% |

---

[1]   Based on information provided on Form 10-Q filed by Basic Energy Services, Inc. on May 17, 2021, and Schedule 13D/A filed by Ascribe Capital LLC, with the U.S. Securities and Exchange Commission on March 10, 2020. These filings reflect 3,691,846 shares of common stock of Basic Energy Services, Inc., and 118,805 shares of Series A Preferred Stock convertible into 118,805,000 shares of common stock of the Basic Energy Services, Inc., held of record by Ascribe III Investments LLC.  Ascribe Capital LLC is the investment manager of Ascribe III Investments LLC and reported shared voting and dispositive power as to 122,496,846 shares of common stock of Basic Energy Services, Inc.

## CERTIFICATE OF RESOLUTIONS

August 16, 2021

The undersigned, Adam L. Hurley, Secretary of Basic Energy Services, Inc., a Delaware corporation (the "**Company**"), hereby certifies as follows:

A.  I am a duly qualified and elected officer of the Company and, as such, I am familiar with the facts herein certified and I am duly authorized to certify the same on behalf of the Company;

B.  Attached hereto as <u>**Exhibit A**</u> is a true, complete and correct copy of the Resolutions adopted by the Board of Directors of the Company in accordance with the Articles of Incorporation of the Company, and the Second Amended and Restated Bylaws of the Company; and

C.  Such Resolutions have not been amended, altered, annulled, rescinded or revoked and are in full force and effect as of the date hereof.  There exist no other subsequent resolutions relating to the matters set forth in the resolutions attached hereto.

**IN WITNESS WHEREOF**, the undersigned has executed this certificate as of the date first written above.

/s/  Adam L. Hurley
Adam L. Hurley
Secretary

**<u>Exhibit A</u>**

**RESOLUTIONS OF THE**
**BOARD OF DIRECTORS OF**
**BASIC ENERGY SERVICES, INC.**

**August 16, 2021**

**WHEREAS,** the Board of Directors (the "**Board**") of Basic Energy Services, Inc. (the "**Company**") has reviewed and had the opportunity to ask questions about the materials presented by the management, investment bankers, and the legal and financial advisors of the Company regarding the liabilities and liquidity of the Company, the strategic alternatives available to it, and the impact of the foregoing on the Company's businesses; and

**WHEREAS,** the Board has had the opportunity to consult with the management, investment bankers, and the legal and financial advisors of the Company to fully consider each of the strategic alternatives available to the Company; and

**WHEREAS,** the Board previously delegated to a committee of three independent members of the Board (the "**Special Committee**"), certain responsibilities, powers, and authority to, among other things, evaluate, negotiate, and make recommendations to the Board with respect to various strategic alternatives, including but not limited to, a capital markets, debt issuance, restructuring and/or taking, or causing to be done, any related actions that the Special Committee considers necessary or desirable to carry out its mandate;

**WHEREAS,** the Special Committee has approved and recommended, and is disinterested with respect to, the Company (i) filing petitions seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), (ii) entering into the Stalking Horse APAs (as defined below), (iii) executing and delivering the DIP Note and the Additional DIP Documents (as defined below) and perform its obligations thereunder, and (iv) retaining certain advisors;

**WHEREAS,** the Company intends to enter into that certain Debtor in Possession Secured Multi-Draw Term Promissory Note dated on or about August 17, 2021 (as may be amended, restated, amended and restated, supplemented or otherwise modified from time to time, the "**DIP Note**"; any terms used herein but not otherwise defined herein shall have the meanings assigned therein), by and among the Company, the DIP lenders party thereto (the "**DIP Lenders**"), and Guggenheim Credit Services, LLC, as agent (the "**Administrative Agent**");

**WHEREAS,** the Company will use the borrowings under the DIP Note to (i) repay in full the Super Priority Credit Agreement, (ii) fund general corporate needs, including without limitation working capital and other needs, (iii) pay costs, premiums, fees, and expenses incurred to administer or related to of the Chapter 11 Cases, including fees and expenses of professionals, and (iv) to provide for adequate protection for certain Prepetition Secured Parties, in each case in accordance with the Budget, subject to any Permitted Variance;

**WHEREAS,** it is a requirement under the DIP Note that to secure its obligations under the DIP Note, the Company grant to the Agent, for the benefit of the DIP Lenders, a security interest in and lien upon all assets of the Company;

**WHEREAS,** it is a requirement under the DIP Note that the Company execute and deliver the DIP Note and the Additional DIP Documents (as defined below) and the other DIP Documents to which it is a party on the Closing Date and perform its respective obligations thereunder;

**WHEREAS,** the Company will receive direct and indirect benefits as a result of the transactions contemplated by the Chapter 11 Filings, the Stalking Horse APAs, the DIP Note and the Additional DIP Documents, and the Board deems it to be appropriate, advisable and in the best interests of the Company to execute and deliver the Chapter 11 Filings, the Stalking Horse APAs, the DIP Note and the Additional DIP Documents (all as defined below) and perform its obligations thereunder;

**WHEREAS,** the Special Committee has, with the assistance of management, investment bankers, and the legal and financial advisors of the Company, (a) considered various strategic alternatives available to the Company and (b) approved and recommended to the Board that the actions contemplated hereby are desirable and in the best interests of the Company, its creditors, and other parties in interest.

## I.   <u>Commencement of the Chapter 11 Cases</u>

**NOW, THEREFORE, BE IT RESOLVED,** that the Board has determined, after due consultation with the management, legal advisors, financial advisors and investment bankers of the Company and, upon the recommendation and authorization by the Special Committee, that it is desirable and in the best interests of the Company, its creditors, and other parties in interest that a petition be filed by the Company seeking relief under Bankruptcy Code; and be it further

**RESOLVED,** that any officer of the Company, including, without limitation, the Chief Financial Officer (each, an "**Authorized Person**"), in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed to execute and file in the name and on behalf of the Company all petitions, schedules, statements, motions, lists, applications, pleadings, and other documents (the "**Chapter 11 Filings**") in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**") (with such changes therein and additions thereto as any such Authorized Person may deem necessary, appropriate or advisable, the execution and delivery of any of the Chapter 11 Filings by any such Authorized Person with any changes thereto to be conclusive evidence that any such Authorized Person deemed such changes to meet such standard); and be it further

**RESOLVED,** that each Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of such Company, to take and perform any and all further acts and deeds that such Authorized Person deems necessary, appropriate, or desirable in connection with the Company's chapter 11 cases (the "**Chapter 11 Cases**") or the Chapter 11 Filings, including, without limitation, (i) to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals, (ii) the payment of fees, expenses, and taxes such Authorized Person deems necessary, appropriate, or desirable, (iii) negotiating, executing, delivering, performing, and filing any and all additional documents, schedules, statements, lists, papers, agreements, certificates, and/or instruments (or any amendments or modifications thereto)

in connection with, or in furtherance of, the Chapter 11 Cases with a view to the successful prosecution of such Chapter 11 Cases (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it further

## II.   <u>Stalking Horse APAs</u>

**RESOLVED,** that the Board has determined, after due consultation with the management, legal advisors, financial advisors and investment bankers of the Company and, upon recommendation by the Special Committee, that it is desirable and in the best interests of the Company, its creditors, and other parties in interest that, in connection with the Chapter 11 Cases, the Company enter into the following agreements to divest certain assets of the Company described therein: (i) Asset Purchase Agreement, by and among Basic Energy Services, L.P., C&J Well Services, Inc. and KVS Transportation, Inc. (all wholly-owned subsidiaries of the Company), and Axis Energy Services Holdings, LLC (the "**Axis APA**"), (ii) Asset Purchase Agreement, by and among the Company, Basic Energy Services, L.P., C&J Well Services, Inc. and KVS Transportation, Inc. (all wholly-owned subsidiaries of the Company), and Berry Corporation (bry) (the "**Berry APA**"), and (iii) Asset Purchase Agreement, by and among Basic Energy Services, L.P. and Agua Libre Midstream, LLC (wholly-owned subsidiaries of the Company), Select Energy Services, Inc., and Select Energy Services, LLC, a wholly owned subsidiary of Select (the "**Select APA**" and, together with the Axis APA, and Berry APA, the "**Stalking Horse APAs**"), copies of which have been presented to the Board; and be it further

**RESOLVED,** that the execution and delivery by the Company of each of the Stalking Horse APAs in substantially the forms presented to the Board, consummation of the transactions contemplated by each of Stalking Horse APAs and performance by the Company of its obligations thereunder, are desirable and in the best interests of the Company, its creditors, and other parties in interest; and be it further

**RESOLVED,** that, subject to any approval of the Bankruptcy Court as required in in the Chapter 11 Cases, the execution, delivery and performance by the Company of each of the Stalking Horse APAs in substantially the forms presented to the Board, and the consummation of the transactions contemplated thereby, and the execution, delivery and performance by the Company of all agreements constituting exhibits to the Stalking Horse APAs or otherwise related thereto to which the Company is a party, are hereby authorized and approved, and each of the Authorized Persons, any one of whom may act individually without the joinder of the other, be, and each hereby is, authorized, empowered, and directed, for and on behalf of the Company, to execute and deliver the Stalking Horse APAs in substantially the forms presented to the Board, with such changes therein and additions thereto, or in or to any of the agreements constituting exhibits to Stalking Horse APAs or otherwise related thereto to which the Company is a party, as the Authorized Person executing the same shall deem necessary, advisable or appropriate, with the execution and delivery of the Stalking Horse APAs and each agreement constituting exhibits to the Stalking Horse APAs or otherwise related thereto to which the Company is a party be conclusive evidence that such Authorized Person deemed the same to be necessary, advisable or appropriate; and be it further

### III. <u>Approval of DIP Note</u>

**RESOLVED,** that in connection with the Chapter 11 Cases, the Board deems the DIP Note and the Additional DIP Documents, the execution and delivery thereof, the performance by the Company of its obligations thereunder and the transactions contemplated thereby to be desirable, advisable and in the best interests of the Company; and be it further

**RESOLVED**, that the terms and provisions of and the execution and delivery of the DIP Note and/or the Additional DIP Documents by the Company, and the consummation by the Company of the transactions contemplated thereunder and under the DIP Note, including (i) the borrowing of the loan under the DIP Note, (ii) the grant of a security interest in and liens upon all assets of the Company in favor of the Secured Parties with respect to the Obligations under the DIP Note (including the authorization of financing statements in connection with liens) and (iii) the terms and provisions of and the execution, delivery and performance of all other agreements, security, collateral documents, intercreditor agreements, reaffirmation agreements, promissory notes, instruments, mortgages, account control agreements, documents, notices, certificates and/or all other related documents constituting exhibits to the DIP Note or that may be required, necessary, appropriate, desirable or advisable to be executed or delivered pursuant to the DIP Note or otherwise related thereto, including without limitation (a) any intellectual property security agreement, (b) the Security Agreement, (c) any collateral agency agreements, collateral rights agreements, collateral assignments and intercreditor agreements entered into or acknowledged by the Company in connection with DIP Note, and (d) all other agreements or documents to which the Company is a party that are necessary, proper or advisable to consummate the transactions contemplated by the DIP Note and/or any other DIP Document and all certificates, notices, and other documents and agreements constituting exhibits to or required by the DIP Note or any DIP Document (each an "**Additional DIP Document**" and collectively, the "**Additional DIP Documents**"), the making of the representations and warranties and compliance with the covenants under the DIP Note and the assumption of any obligations under and in respect of any of the foregoing, are hereby authorized and approved in all respects, and that any Authorized Person, who may act without the joinder of any other Authorized Person, is hereby severally authorized, empowered and directed, in the name and on behalf of the Company, to execute and deliver (y) the DIP Note and (z) each Additional DIP Document to which the Company is a party, with such changes therein and additions thereto as any such Authorized Person, in their sole discretion, may deem necessary, convenient, appropriate, advisable or desirable, the execution and delivery of the DIP Note and such Additional DIP Documents with any changes thereto by the relevant Authorized Person, to be conclusive evidence that such Authorized Person deemed such changes to meet such standard; and be it further

**RESOLVED**, that, in connection with the foregoing, as used herein, the term "Additional DIP Documents" shall include, but not be limited to: (i) any Collateral Document, (ii) any other DIP Document to which the Company is a party, (iii) all other agreements or documents to which the Company is a party that are necessary, proper or advisable to consummate the transactions contemplated by the DIP Note and/or any Additional DIP Document that is described in clauses (i) through (ii) above, and (iv) all certificates, notices, and other documents and agreements constituting exhibits to or required by the DIP Note or any Additional DIP Document that is described in clauses (i) through (iii) above or otherwise related thereto; and be it further

**RESOLVED**, that the signature of any Authorized Person of the Company to any Additional DIP Document to which the Company is a party shall be conclusive evidence of the authority of such Authorized Person to execute and deliver such Additional DIP Documents to which the Company is a party; and be it further

**RESOLVED**, that each Authorized Person of the Company, who may act without the joinder of any other Authorized Person, is hereby severally authorized, in the name of and on behalf of the Company, to take all actions (including, without limitation, (i) the negotiation, execution, delivery and filing of any agreement, certificate, instrument or document (including any mortgage, financing statement and/or similar document), (ii) the modification, amendment or waiver of, or consent to, any of the terms and conditions of the DIP Note and/or any Additional DIP Document to which the Company is a party, (iii) the payment of any consideration and (iv) the payment of indemnitees, fees, costs, expenses, taxes and other amounts incurred by the Company as any such Authorized Person, in his or her sole discretion, may deem necessary, appropriate or advisable (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard) in order to effect the transactions contemplated under the DIP Note and any Additional DIP Document to which the Company is a party, and all acts of any such Authorized Person taken pursuant to the authority granted herein, or having occurred prior to the date hereof in order to effect such transactions, are hereby approved, adopted, ratified and confirmed in all respects; and be it further

**RESOLVED**, that each Authorized Person of the Company, who may act without the joinder of any other Authorized Person, be, and hereby is, severally authorized, in the name and on behalf of the Company, to prepare any amendment, waiver and/or consent under the DIP Note and/or any Additional DIP Document to which the Company is a party as may be necessary, advisable or appropriate at any time or from time to time, which amendment, waiver and/or consent may provide for modification or relief under the DIP Note and/or any Additional DIP Document to which the Company is a party and may require consent payments, fees or other amounts payable in connection therewith, and that each Authorized Person of the Company be, and hereby is, authorized, in the name and on behalf of the Company, to execute and deliver such amendments, waivers or consents under the DIP Note and/or any Additional DIP Document to which the Company is a party as such Authorized Person shall deem to be necessary, advisable or appropriate, such execution and delivery by such Authorized Person to constitute conclusive evidence of his or her determination and approval of the necessity, appropriateness or advisability thereof; and be it further

**RESOLVED**, that any person dealing with any Authorized Person of the Company in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of such officer and by his or her execution of any document or agreement, the same shall be valid and binding obligations of the Company enforceable in accordance with their terms; and be it further

**RESOLVED**, that the Board hereby authorizes any current and/or future subsidiary of the Company, to the extent applicable, to execute any agreement and/or document as may be contemplated by the DIP Note and/or any Additional DIP Document to which the Company is a party.

## IV.     Retention of Advisors

**RESOLVED,** that the firm of AlixPartners LLP, located at 300 North LaSalle Street, Suite 1900, Chicago, IL 60654, is hereby retained as restructuring advisor for the Company in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED,** that the law firm of Weil, Gotshal & Manges LLP, located at 767 Fifth Avenue, New York, NY 10153, is hereby retained as attorneys for each Company in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED,** that the firm of Lazard Frères & Company, located at 30 Rockefeller Plaza, New York, NY 10112, is hereby retained as financial advisor for each Company in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED,** that the firm of Prime Clerk, located at 830 Third Avenue, 9th Floor, New York, NY 10022, is hereby retained as claims, noticing and solicitation agent for each Company in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED,** that, with respect to each Company, each Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to negotiate, execute, deliver, file and perform any agreement, document or certificate and to take and perform any and all further acts and deeds (including, without limitation, (i) the payment of any consideration and (ii) the payment of fees, expenses and taxes) that such Authorized Person deems necessary, proper, or desirable in connection with the Company's Chapter 11 Cases, including, without limitation, negotiating, executing, delivering and performing any and all documents, agreements, certificates and/or instruments (or any amendments or modifications thereto) in connection with the engagement of professionals contemplated by these resolutions, with a view to the successful prosecution of the Chapter 11 Cases; and be it further

## V.     General Authorization and Ratification

**RESOLVED,** that any and all past actions heretofore taken by any Authorized Person, any director, or any member of the Company in the name and on behalf of the Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects; and

**RESOLVED,** that the Authorized Persons, each of whom may act without the joinder of any of the others, be, and each of them individually hereby is, authorized and directed, in the name and on behalf of the Company, to take or cause to be taken all such further actions, including, but not limited to, (i) the negotiation of such additional agreements, joinders, amendments, supplements, consents, waivers, reports, documents, instruments, applications, notes or certificates currently unknown but which may be required, (ii) the negotiation of such changes and additions to any agreements, amendments, supplements, consents, waivers, reports, documents, instruments, applications, notes or certificates currently existing or currently unknown but which may be required, (iii) the execution, delivery, filing (if applicable) and performance of any of the foregoing, and (iv) the payment of all fees, consent payments, taxes, indemnitees and

6

other expenses as such Authorized Person, in his or her sole discretion, may approve or deem necessary, appropriate, desirable or advisable in order to carry out the intent and accomplish the purposes of the foregoing resolutions and the transactions contemplated thereby, all of such actions, executions, deliveries, filings and payments to be conclusive evidence of such approval or that such Authorized Person deemed the same to be so necessary, appropriate, desirable or advisable; and that all such actions, executions, deliveries, filings and payments taken or made at any time in connection with the transactions contemplated by the foregoing resolutions are hereby approved, adopted, ratified and confirmed in all respects as the acts and deeds of the Company as if specifically set out in these resolutions; and be it further

**RESOLVED,** that each Authorized Person of the Company is hereby authorized to certify and deliver to any person to whom such certification and delivery may be deemed necessary, convenient, appropriate, advisable or desirable in the opinion of such Authorized Person, a true copy of the foregoing resolutions of the Company; and be it further

**RESOLVED,** that any person dealing with any Authorized Person or persons designated and authorized to act by any such Authorized Person in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of such Authorized Person or persons designated and authorized to act by such Authorized Person and by his or her execution of any document, agreement or instrument, the same to be a valid and binding obligation of the Company enforceable in accordance with its terms; and be it further

**RESOLVED,** that, to the extent that the Company serves as the sole member, managing member, general partner, partner or other governing body (collectively, a "**Controlling Company**"), in each case, of any other company (a "**Controlled Company**"), each Authorized Person, any one of whom may act without the joinder of any of the others, be, and hereby is, authorized, empowered and directed in the name and on behalf of such Controlling Company (acting for such Controlled Company in the capacity set forth above, as applicable), to (a) authorize such Controlled Company to take any action that the Company is authorized to take hereunder and/or (b) take any action on behalf of such Controlled Company that an Authorized Person is herein authorized to take on behalf of such Controlling Company; and be it further

**RESOLVED,** that any actions taken by any Authorized Person, for or on behalf of the Company, prior to the date hereof that would have been authorized by these resolutions but for the fact that such actions were taken prior to the date hereof be, and they hereby are, authorized, adopted, approved, confirmed and ratified in all respects as the actions and deeds of the Company.

**Fill in this information to identify the case:**

Debtor name:  Basic Energy Services, Inc.

United States Bankruptcy Court for the Southern District of Texas
(State)

Case number (*If known*):

☐ Check if this is an
amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

**12/15**

A list of consolidated creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | IRS Attn:  Centralized Insolvency Operation P.O. Box 7346 Philadelphia, PA 19101 | Attn:  Centralized Insolvency Operation Phone: (800) 973-0424 Facsimile:  (855) 235-6787 | Payroll Taxes | | | | $7,860,683.00 |
| 2 | Howard Supply Company Attn:  Vincent Rullo 4100 International Plaza, Suite 850 Fort Worth, TX 76109 | Attn:  Vincent Rullo Phone: (817) 529-9950 Email:  vrullo@howard-supply.com | Material & Supplies | | | | $4,738,474.48 |
| 3 | Arlisa Ann Carr, Individually and as Representative of the Estate of Dexture Carr Attn:  Jarom Tefteller 403 West Tyler Street Gilmer, TX 75644 | Attn:  Jarom Tefteller Phone: (903) 843-5678 Email:  jt@tlaw-pllc.com | Litigation | Contingent | | | $2,500,000.00 |
| 4 | Nextier Completion Solutions Attn:  Oladipo Lluyomade 3990 Rogerdale Houston, TX 77042 | Attn:  Oladipo Lluyomade Phone: (713) 325-6000 Email: oladipo.lluyomade@nextierOFS.com | Acquisition Liabilities | | | | $2,429,207.04 |
| 5 | Workday Inc. Attn:  Tim Zuch 6230 Stoneridge Mall Road Pleasanton, CA 94588 | Attn:  Tim Zuch Phone: (925) 951-9900 Email: tim.zuch@workday.com | IT Services | | | | $1,693,196.73 |
| 6 | Invoke Tax Partners Attn:  Jerrod Raymond 12221 Merit Drive, Suite 1200 Dallas, TX 75251 | Attn:  Jerrod Raymond Phone: (469) 206-4210 Email:  jerrod.raymond@invoke.tax | Professional Services | | | | $1,626,101.41 |
| 7 | Lockton Companies LLC Attn:  William Ligon 2100 Ross Avenue, Suite 1400 Dallas, TX 75201 | Attn:  William Ligon Phone: (214) 969-6722 Email: bligon@lockton.com | Insurance | | | | $1,139,093.37 |

| Debtor | Basic Energy Services, Inc. | | Case number (if known) | |
|---|---|---|---|---|
| | Name | | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8   Defferred Compensation #1 Confidential, Available on Request | Attn:  Deferred Compensation #1 Phone:  Confidential, Available on Request Email:  Confidential, Available on Request | Deferred Compensation | | | | $942,519.00 |
| 9   WTG Fuels Attn:  Brandon Rayburn 211 N Colorado Street Midland, TX 79701 | Attn:  Brandon Rayburn Phone:  (432) 682-4349 Email:  brayburn@gascard.net | Fuel & Fuel Transportation | | | | $923,231.33 |
| 10   CERTEX USA Inc. Attn:  Gary Johnson 1721 W. Culver Street Phoenix, AZ 85007 | Attn:  Gary Johnson Phone:  (602) 271-9048 Email:  gjohnson@certex.com | Materials & Supplies | | | | $899,174.05 |
| 11   MIX Telematics North America Inc. Attn:  Paul Dell 750 Park of Commerce Boulevard, Ste 100 Boca Raton, FL 33487 | Attn:  Paul Dell Phone:  (855) 908-3360 Email:  paul.dell@mixtelematics.com | IT Services | | | | $804,272.82 |
| 12   National Oilwell Varco Attn:  Gay Wathern 7909 Parkwood Circle  Drive Houston, TX 77036 | Attn:  Gay Wathern Phone:  (713) 375-3700 Email:  gay.wathen@nov.com | Field Service & Maintenance | | | | $753,440.14 |
| 13   CINTAS Attn:  Ross Chancellor 6800 Cintas Boulevard Cincinatti, OH 45262 | Attn:  Ross Chancellor Phone:  (513) 459-1200 Email:  chancellorg@cintas.com | Health, Safety, & Environmental | | | | $748,211.20 |
| 14   Liquidframeworks Inc. Attn:  Paul Marvin 24 E Greenway Plaza, Suite 1050 Houston, TX 77046 | Attn:  Paul Marvin Phone:  (713) 552-9250 Email: pmarvin@liquidframeworks.com | IT Services | | | | $720,240.77 |
| 15   Sun Coast Materials LLC Attn:  Jim Skiba 1401 S Union Avenue Bakersfield, CA 93307 | Attn:  Jim Skiba Phone:  (661) 831-7916 Email:  jskiba@suncoastmaterials.com | Material & Supplies | | | | $666,469.64 |
| 16   Bluecross Blueshield of Texas Attn:  Anita Howell 1001 E. Lookout Drive Richardson,  TX 75082 | Attn:  Anita Howell Phone:  (972) 766-6900 Email:  anita_howell@bcbstx.com | Employee Related | | | | $620,996.06 |
| 17   Schledewitz Trucking LLC Attn:  Tyson Schledewitz 107 S Meeker Street Fort Morgan, CO 80701 | Attn:  Tyson Schledewitz Phone:  (970) 370-2550 Email:  tysonschledewitz@gmail.com | Logistics, Trucking, & Offsite Storage | | | | $577,351.00 |
| 18   Defferred Compensation #2 Confidential, Available on Request | Attn:  Deferred Compensation #2 Phone:  Confidential, Available on Request Email:  Confidential, Available on Request | Deferred Compensation | | | | $543,677.00 |
| 19   Craneworks Rentals LLC Attn:  Amanda Carabajal 7795 Little York Road Houston, TX 77016 | Attn:  Amanda Carabajal Phone:  (281) 219-7779 Email:  acarabajal@crane-works.com | Equipment Rental | Disputed | | | $511,252.88 |

| Debtor | Basic Energy Services, Inc. | | Case number (if known) | |
|---|---|---|---|---|
| | Name | | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 20 Dragon Rig Sales & Service Attn: Casey Crenshaw 960 S Pagewood Avenue Odessa, TX 79761 | Attn: Casey Crenshaw Phone: (409) 833-2665 Email: casey.crenshaw@modernusa.com | Field Service & Maintenance | | | | $510,723.50 |
| 21 Vista Proppants & Logistics Attn: Chris Favors 4413 Carey Street Fort Worth, TX  76119 | Attn: Chris Favors Phone: (817) 563-3500 Email: cfavors@vprop.com | Material & Supplies | | | | $500,887.56 |
| 22 Cahill Gordon & Reindel LLP Attn: Michael Colpo 32 Old Slip New York, NY 10005 | Attn: Michael Colpo Phone: (212) 701-3989 Email: mcolpo@cahill.com | Professional Services | | | | $499,038.55 |
| 23 Helmsman Management Services Inc. Attn: Peter Clas 175 Berkeley Street Boston, MA 02116 | Attn: Peter Clas Phone: (857) 224-1970 Email: peter.clas@helmsmantpa.com | Insurance | | | | $472,935.24 |
| 24 Central California Power Attn: Rod Headley 19487 Broken Court Shafter, CA 93263 | Attn: Rod Headley Phone: (661) 589-2870 Email: rodh@gensets.com | Field Service & Maintenance | | | | $458,620.63 |
| 25 UNIFIRST Attn: Timothy Duy 68 Jonspin Road Wilmington, MA  01887 | Attn: Timothy Duy Phone: (978) 658-8888 Email: timothy_duy@unifirst.com | Health, Safety, & Environmental | | | | $443,416.18 |
| 26 APM Contractor Services LLC Attn: Brian Atkins 2208 Stoner Road Odessa, TX  79764 | Attn: Brian Atkins Phone: (432) 550-5228 Email: bdasweep@yahoo.com | Health, Safety, & Environmental | | | | $401,866.28 |
| 27 Jackson Walker LLP Attn: William R. Jenkins 777 Main Street, Suite 2100 Fort Worth, TX  76102 | Attn: William R. Jenkins Phone: (817) 334-7214 Email: wjenkins@jw.com | Professional Services | | | | $358,308.18 |
| 28 Deferred Compensation #3 Confidential, Available on Request | Attn: Deferred Compensation #3 Phone: Confidential, Available on Request Email: Confidential, Available on Request | Deferred Compensation | | | | $357,273.00 |
| 29 The Paint & Safety Store Attn: Kelly Long 201 South Benton Street Big Spring, TX 79720 | Attn: Kelly Long Phone: (800) 687-0916 Email: kelly@thepassonline.com | Health, Safety, & Environmental | | | | $343,696.32 |
| 30 Kaiser Foundation Health Plan Attn: Tami Olivares 3600 Broadway Oakland, CA 94611 | Attn: Tami Olivares Phone: (661) 334-2023 Email: tami.m.olivares@kp.com | Employee Related | | | | $311,211.84 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **BASIC ENERGY** | § | **Case No. 21-_____ (___)** |
| **SERVICES, INC.** | § | |
| | § | |
| Debtor. | § | |
| | § | |
| Tax I.D. No. 54-2091194 | § | |
| | § | |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT**
<u>**PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007 AND 7007.1**</u>

Pursuant to the Federal Rules of Bankruptcy Procedure 1007(a)(1) and 7007.1,

attached hereto as <u>**Exhibit A**</u> is an organizational chart reflecting all of the ownership interests in

Basic Energy Services, Inc. ("**Basic Parent**") and its affiliated debtors (the "**Affiliated Debtors**"),

as proposed debtors and debtors in possession (collectively, the "**Debtors**").  Basic Parent, on

behalf of itself and the Affiliated Debtors, respectfully represents as follows:

1.     Each Debtor listed in <u>**Exhibit A**</u> is 100% owned by its direct parent unless

otherwise noted.

2.     Basic Parent is the ultimate parent company of each of the Affiliated

Debtors, and directly or indirectly owns a 100% equity interest in each of

the Affiliated Debtors.

3.     Equity ownership of Basic Parent is represented by:

(i)     Ascribe III Investments LLC ("**Ascribe**") owns 118,805
outstanding Series A Preferred Stock, constituting approximately a
85.06% equity interest in Basic Parent, and controls the majority of

the combined voting power of all classic of outstanding voting stock.[1]

(ii) Basic Parent's public stockholders own the remaining 14.94% of the equity interests.  In total, Basic Parent has 24,899,932 shares of common stock outstanding held by approximately 133 record holders.

---

[1]   Based on information provided on Form 10-Q filed by Basic Energy Services, Inc. on May 17 2021, and Schedule 13D/A filed by Ascribe Capital LLC, with the U.S. Securities and Exchange Commission on March 10, 2020. These filings reflect 3,691,846 shares of common stock of Basic Energy Services, Inc., and 118,805 shares of Series A Preferred Stock convertible into 118,805,000 shares of common stock of the Basic Energy Services, Inc., held of record by Ascribe III Investments LLC.  Ascribe Capital LLC is the investment manager of Ascribe III Investments LLC and reported shared voting and dispositive power as to 122,496,846 shares of common stock of Basic Energy Services, Inc.

**Exhibit A**

**Organizational Chart**



**Organizational Chart**



**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **BASIC ENERGY** | § | Case No. 21-_____ (___) |
| **SERVICES, INC.** | § | |
| | § | |
| Debtor. | § | |
| | § | |
| **Tax I.D. No. 54-2091194** | § | |
| | § | |

**LIST OF EQUITY SECURITY HOLDERS PURSUANT TO**
**RULE 1007(a)(3) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

| Name and Last Known Address of Equity Interest Holder | Kind/Class of Interest | Number of Interests Held |
|---|---|---|
| Ascribe III Investments LLC 299 Park Avenue, 34th Floor New York, NY 10171 | Series A Preferred Stock | 85.06% |

---

**Fill in this information to identify the case:**

Debtor name:  Basic Energy Services, Inc.

United States Bankruptcy Court for the  Southern District of Texas
                                                                                    (State)

Case number (*If known*):  _____

---

## Official Form 202

### Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. **Bankruptcy Rules 1008 and 9011.**

**WARNING – Bankruptcy fraud is a serious crime.** Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. **18 U.S.C. §§ 152, 1341, 1519, and 3571.**

---

### ■ Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐ Schedule H: Codebtors (Official Form 206H)

☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐ Amended Schedule _____

☒ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☒ Other document that requires a declaration  Consolidated Corporate Ownership Statement and List of Equity Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  August 17, 2021
           MM  /DD /YYYY

✗  /s/  Adam L. Hurley
   Signature of individual signing on behalf of debtor

   Adam L. Hurley
   Printed name

   Executive Vice President, Chief Financial Officer, Treasurer and Secretary
   Position or relationship to debtor