IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § § | Chapter 11 |
| BASIC ENERGY SERVICES, INC., *et al.*, | § § § § | Case No. 21-90002 (DRJ)<br><br>(Joint Administration Requested) |
| Debtors.[1] | § § |  |

**APPLICATION OF DEBTORS FOR ENTRY OF AN
ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF
PRIME CLERK LLC AS CLAIMS, NOTICING, AND SOLICITATION AGENT**

> **A HEARING WILL BE CONDUCTED ON THIS MATTER ON AUGUST 17, 2021 AT 2:30 P.M. (PREVAILING CENTRAL TIME) IN COURTROOM 400, 4TH FLOOR, 515 RUSK AVENUE, HOUSTON, TX 77002.**
>
> **PARTICIPATION AT THE HEARING WILL ONLY BE PERMITTED BY AN AUDIO AND VIDEO CONNECTION.**
>
> **AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT 832-917-1510. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE JONES' CONFERENCE ROOM NUMBER IS 205691. VIDEO COMMUNICATION WILL BE BY USE OF THE GOTOMEETING PLATFORM. CONNECT VIA THE FREE GOTOMEETING APPLICATION OR CLICK THE LINK ON JUDGE JONES' HOME PAGE. THE MEETING CODE IS "JUDGEJONES". CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**
>
> **HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF BOTH ELECTRONIC AND IN-PERSON HEARINGS. TO MAKE YOUR APPEARANCE, CLICK THE "ELECTRONIC APPEARANCE" LINK ON JUDGE JONES' HOME PAGE. SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Basic Energy Services, L.P. (1819); Basic Energy Services, Inc. (1194); C&J Well Services, Inc. (5684); KVS Transportation, Inc. (4882); Indigo Injection #3, LLC (7657); Basic Energy Services GP, LLC (1197); Basic Energy Services LP, LLC (1195); Taylor Industries, LLC (7037); SCH Disposal, L.L.C. (8335); Agua Libre Holdco LLC (3092); Agua Libre Asset Co LLC (1409); Agua Libre Midstream LLC (6701); and Basic ESA, Inc. (2279). The Debtors' headquarters and service address for the purposes of these chapter 11 cases is 801 Cherry Street, Suite 2100, Fort Worth, Texas 76102.

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") file this application (this "**Application**") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Retention Order**"), pursuant to sections 156(c) and 327 of title 28 of the United States Code and section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2002(f), 2014(a), and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), appointing Prime Clerk LLC ("**Prime Clerk**") as claims, noticing and solicitation agent ("**Claims and Noticing Agent**") in the Debtors' chapter 11 cases. In support of this Application, the Debtors submit the Declaration of Benjamin J. Steele, Managing Director of Prime Clerk (the "**Steele Declaration**"), attached hereto as **Exhibit B**, and respectfully represent as follows:

### Relief Requested

1. The Debtors request entry of an order appointing Prime Clerk as the Claims and Noticing Agent for the Debtors and their chapter 11 cases, to, among other tasks, (i) serve as the noticing agent to mail notices to the estates' creditors, equity security holders, and parties in interest; (ii) provide computerized claims, objection, solicitation, and balloting database services; and (iii) provide expertise, consultation, and assistance in claim and ballot processing and other administrative services with respect to the Debtors' bankruptcy cases, pursuant to the provisions of the Engagement Agreement (defined below). The Debtors' selection of Prime Clerk to act as the Claims and Noticing Agent is appropriate under the circumstances and in the best interest of the estates. Moreover, the Debtors submit, based on all engagement proposals obtained and reviewed, that Prime Clerk's rates are competitive and reasonable given Prime Clerk's quality of services and expertise. The terms of Prime Clerk's retention are set forth in the Engagement Agreement attached hereto as **Exhibit C** (the "**Engagement Agreement**").

2. Although the Debtors have not yet filed their schedules of assets and liabilities, they anticipate that there will be thousands of persons and entities to be noticed and that many of these parties will file claims. In view of the number of anticipated claimants and the complexity of the Debtors' businesses, the Debtors submit that the appointment of a claims and noticing agent will provide the most effective and efficient means of, and relieve the Debtors and/or the Clerk's Office of the administrative burden of, noticing, administering claims, and soliciting and tabulating votes and is in the best interests of both the Debtors' estates and their creditors.

## Jurisdiction

3. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

4. On the date hereof (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases. The Debtors have filed a motion requesting joint administration of their chapter 11 cases pursuant to Rule 1015(b) of the Bankruptcy Rules and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Local Rules**").

5. Additional information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Adam L. Hurley in Support of the Debtors' Chapter 11 Petitions* (the "**Hurley**

**Declaration**") and the *Declaration of James A. Mesterharm in Support of the Debtors' Chapter 11 Petitions and Related Requests for Relief* (the "**Mesterharm Declaration**" and, together with the Hurley Declaration, the "**First Day Declarations**"),[2] which have been filed with the Court contemporaneously herewith and are incorporated by reference herein.

### Prime Clerk's Qualifications

6. Prime Clerk is comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases. Prime Clerk's professionals have experience in noticing, claims administration, solicitation, balloting, and facilitating other administrative aspects of chapter 11 cases and experience in matters of this size and complexity. Prime Clerk's professionals have acted as debtor's counsel or official claims and noticing agent in many large bankruptcy cases in various districts nationwide. Prime Clerk's active and former cases include: *Sundance Energy, Inc.*, No. 21-30882 (DRJ) (Bankr. S.D. Tex.); *Seadrill Partners LLC*, No. 20-35740 (DRJ) (Bankr. S.D. Tex.); *MD America Energy, LLC*, No. 20-34966 (DRJ) (Bankr. S.D. Tex.); *EP Energy Corporation*, No. 19-35654 (MI) (Bankr. S.D. Tex.); *Pacific Drilling S.A.*, No. 20-35212 (DRJ) (Bankr. S.D. Tex.); *Fieldwood Energy LLC*, No. 20-33948 (MI) (Bankr. S.D. Tex.); *White Stallion Energy, LLC,* No. 20-13037 (LSS) (Bankr. D. Del); *Northwest Hardwoods, Inc.*, No. 20-13005 (CSS) (Bankr. D. Del.); *Mallinckrodt plc*, No. 20-12522 (JTD) (Bankr. D. Del.); *Ursa Piceance Holdings LLC*, No. 20-12065 (BLS) (Bankr. D. Del.); *Shiloh Industries, Inc.*, No. 20-12024 (LSS) (Bankr. D. Del.); *The Hertz Corporation*, No. 20-11218 (MFW) (Bankr. D. Del.); *KB US Holdings, Inc.*, No. 20-22962 (SHL) (Bankr S.D.N.Y.); *Hermitage Offshore Services Ltd.*, No. 20-11850 (MG) (Bankr S.D.N.Y.); *Centric Brands Inc.*, No. 20-22637 (SHL) (Bankr.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such

4

S.D.N.Y.); *LATAM Airlines Group S.A.*, No. 20-11254 (JLG) (Bankr. S.D.N.Y.); *Ascena Retail Group, Inc.*, No. 20-33113 (KRH) (Bankr. E.D. Va.); and *PG&E Corporation,* No. 19-30088 (DM) (Bankr. N.D. Cal.).

### Services to be Provided

7. This Application pertains to the work to be performed by Prime Clerk under 11 U.S.C. § 327(a) and under the Clerk's delegation of duties permitted by 28 U.S.C. § 156(c). Under the Engagement Agreement, Prime Clerk will perform the following services, as the Claims and Noticing Agent, at the request of the Debtors or the Clerk's Office:

(a) assist the Debtors with the preparation and distribution of all required notices and documents in accordance with the Bankruptcy Code and the Bankruptcy Rules in the form and manner directed by the Debtors and/or the Court, including: (i) notice of any claims bar date, (ii) notice of any proposed sale of a Debtor's assets, (iii) notices of objections to claims and objections to transfers of claims, (iv) notices of any hearings on a disclosure statement and confirmation of any plan or plans of reorganization, including under Bankruptcy Rule 3017(d), (v) notice of the effective date of any plan, and (vi) all other notices, orders, pleadings, publications and other documents as the Debtors, Court, or Clerk may deem necessary or appropriate for an orderly administration of these chapter 11 cases;

(b) maintain an official copy of the Debtors' schedules of assets and liabilities and statements of financial affairs (collectively, the "**Schedules**"), listing the Debtors' known creditors and the amounts owed thereto;

(c) maintain (i) a list of all potential creditors, equity holders and other parties-in-interest and (ii) a "core" mailing list consisting of all parties described in Bankruptcy Rule 2002(i), (j) and (k) and those parties that have filed a notice of appearance pursuant to Bankruptcy Rule 9010; update and make said lists available upon request by a party-in-interest or the Clerk;

(d) furnish a notice to all potential creditors of the last date for filing proofs of claim and a form for filing a proof of claim, after such notice and form are approved by the Court, and notify said potential creditors of the existence, amount and classification of their respective claims as set forth in the Schedules, which may be effected by inclusion of such information (or the lack thereof, in cases where

---

terms in the First Day Declarations.

        the Schedules indicate no debt due to the subject party) on a customized proof of claim form provided to potential creditors;

(e)     maintain a post office box or address for receiving claims and returned mail, and process all mail received;

(f)     for all notices, motions, orders or other pleadings or documents served, prepare and file or cause to be filed with the Clerk an affidavit or certificate of service no more frequently than every seven (7) days which includes (i) either a copy of the notice served or the docket number(s) and title(s) of the pleading(s) served, (ii) a list of persons to whom it was mailed (in alphabetical order) with their addresses, (iii) the manner of service, and (iv) the date served;

(g)     receive and process all proofs of claim received, including those received by the Clerk, check said processing for accuracy and maintain the original proofs of claim in a secure area;

(h)     provide an electronic interface for filing proofs of claim;

(i)     maintain the official claims register (the "**Claims Register**") on behalf of the Clerk; upon the Clerk's request, provide the Clerk with certified, duplicate unofficial Claims Registers; and specify in the Claims Register the following information for each claim docketed: (i) the claim number assigned, (ii) the date received, (iii) the name and address of the claimant and agent, if applicable, who filed the claim, (iv) the address for payment, if different from the notice address, (v) the amount asserted, (vi) the asserted classification(s) of the claim (e.g., secured, unsecured, priority, etc.), and (vii) any disposition of the claim;

(j)     provide public access to the Claims Register, including complete proofs of claim with attachments, if any, without charge;

(k)     implement necessary security measures to ensure the completeness and integrity of the Claims Register and the safekeeping of the original claims;

(l)     record all transfers of claims and provide any notices of such transfers as required by Bankruptcy Rule 3001(e);

(m)     relocate, by messenger or overnight delivery, all of the court-filed proofs of claim to the offices of Prime Clerk, not less than weekly;

(n)     monitor the Court's docket for all notices of appearance, address changes, and claims-related pleadings and orders filed and make necessary notations on and/or changes to the claims register and any service or mailing lists, including to identify and eliminate duplicative names and addresses from such lists;

(o) identify and correct any incomplete or incorrect addresses in any mailing or service lists;

(p) assist in the dissemination of information to the public and respond to requests for administrative information regarding these chapter 11 cases as directed by the Debtors or the Court, including through the use of a case website and/or call center;

(q) provide docket updates via email to parties who subscribe for such service on the Debtors' case website;

(r) monitor the Court's docket in these chapter 11 cases and, when filings are made in error or containing errors, alert the filing party of such error and work with them to correct any such error;

(s) comply with applicable federal, state, municipal, and local statutes, ordinances, rules, regulations, orders, and other requirements;

(t) if these chapter 11 cases are converted to cases under chapter 7 of the Bankruptcy Code, contact the Clerk's office within three (3) days of notice to Prime Clerk of entry of the order converting the cases;

(u) thirty (30) days prior to the close of these chapter 11 cases, to the extent practicable, request that the Debtors submit to the Court a proposed order dismissing Prime Clerk as claims, noticing, and solicitation agent and terminating its services in such capacity upon completion of its duties and responsibilities and upon the closing of these chapter 11 cases;

(v) within seven (7) days of notice to Prime Clerk of entry of an order closing these chapter 11 cases, provide to the Court the final version of the Claims Register as of the date immediately before the close of the cases;

(w) at the close of these chapter 11 cases, (i) box and transport all original documents, in proper format, as provided by the Clerk's office, to (A) the Philadelphia Federal Records Center, 14700 Townsend Road, Philadelphia, PA 19154 or (B) any other location requested by the Clerk's office; and (ii) docket a completed SF-135 Form indicating the accession and location numbers of the archived claims;

(x) assist the Debtors with plan-solicitation services including: (i) balloting, (ii) distribution of applicable solicitation materials, (iii) tabulation and calculation of votes, (iv) determining with respect to each ballot cast, its timeliness and its compliance with the Bankruptcy Code, Bankruptcy Rules, and procedures ordered by this Court, (v) preparing an official ballot certification and testifying, if necessary, in support of the ballot tabulation results, and (vi) in connection with the foregoing services, process requests for documents from parties in interest,

7

    including, if applicable, brokerage firms, bank back-offices and institutional holders;

(y) assist with the preparation of the Debtors' schedules of assets and liabilities and statements of financial affairs and gather data in conjunction therewith;

(z) provide a confidential data room, if requested;

(aa) manage and coordinate any distributions pursuant to a chapter 11 plan; and

(bb) provide such other processing, solicitation, balloting and other administrative services described in the Engagement Agreement that may be requested from time to time by the Debtors, the Court or the Clerk's Office.

## **Professional Compensation**

8. The Debtors respectfully request that the undisputed fees and expenses incurred by Prime Clerk in the performance of the above services be treated as administrative expenses of the Debtors' chapter 11 estates pursuant to 28 U.S.C. § 156(c) and section 503(b)(1)(A) of the Bankruptcy Code and be paid in the ordinary course of business pursuant to the Engagement Agreement without further application to or order of the Court.  Prime Clerk agrees to maintain records of all services showing dates, categories of services, fees charged, and expenses incurred, and to serve monthly invoices on the Debtors, the Office of the United States Trustee, counsel for the Debtors, counsel for any official committee monitoring the expenses of the Debtors and any party in interest who specifically requests service of the monthly invoices.  If any dispute arises relating to the Engagement Agreement or monthly invoices, the parties shall meet and confer in an attempt to resolve the dispute; if resolution is not achieved, the parties may seek resolution of the matter from the Court.

9. Prior to the Petition Date, the Debtors provided Prime Clerk an advance in the amount of $50,000.  Prime Clerk seeks to first apply the advance to all prepetition invoices, and thereafter, to have the advance replenished to the original advance amount, and thereafter, to

hold the advance under the Engagement Agreement during these chapter 11 cases as security for the payment of fees and expenses incurred under the Engagement Agreement.

10. Additionally, under the terms of the Engagement Agreement, the Debtors have agreed to indemnify, defend, and hold harmless Prime Clerk and its members, officers, employees, representatives, and agents under certain circumstances specified in the Engagement Agreement, except in circumstances resulting solely from Prime Clerk's gross negligence or willful misconduct or as otherwise provided in the Engagement Agreement or Retention Order. The Debtors believe that such an indemnification obligation is customary, reasonable, and necessary to retain the services of a claims and noticing agent in these chapter 11 cases.

## Disinterestedness

11. Prime Clerk has reviewed its electronic database to determine whether it has any relationships with the creditors and parties in interest provided by the Debtors, and, to the best of the Debtors' knowledge, information, and belief, and except as disclosed in the Steele Declaration, Prime Clerk has represented that it neither holds nor represents any interest materially adverse to the Debtors' estates in connection with any matter on which it would be employed.

12. To the best of the Debtors' knowledge, Prime Clerk is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b), as Prime Clerk represents in the Steele Declaration, among other things, that:

    (a)    Prime Clerk, its members and employees are not and were not, within two years before the date of the filing of these chapter 11 cases, creditors, equity security holders, insiders or employees of the Debtors;

    (b)    Prime Clerk will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Claims and Noticing Agent in these chapter 11 cases;

(c)      By accepting employment in these chapter 11 cases, Prime Clerk waives any rights to receive compensation from the United States government in connection with these chapter 11 cases;

(d)      In its capacity as the Claims and Noticing Agent in these chapter 11 cases, Prime Clerk will not be an agent of the United States and will not act on behalf of the United States;

(e)      Prime Clerk will not employ any past or present employees of the Debtors in connection with its work as the Claims and Noticing Agent in these chapter 11 cases;

(f)      In its capacity as Claims and Noticing Agent in these chapter 11 cases, Prime Clerk will not intentionally misrepresent any fact to any person;

(g)      Prime Clerk shall be under the supervision and control of the Clerk's office with respect to the receipt and recordation of claims and claim transfers;

(h)      Prime Clerk will comply with all requests of the Clerk's office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c); and

(i)      None of the services provided by Prime Clerk as Claims and Noticing Agent in these chapter 11 cases shall be at the expense of the Clerk's office.

Prime Clerk will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure.

13.      To the extent that there is any inconsistency between this Application, the Retention Order, and the Engagement Agreement, the Retention Order shall govern.

### Notice

14.      Notice of this Application will be served upon any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Local Rule 9013-1(d).

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing Prime Clerk to act as Claims and Noticing Agent for the Debtors and granting such other relief as may be appropriate.

Dated:  August 17, 2021
        Houston, Texas

                                          Respectfully submitted,

                                            /s/  *Alfredo R. Pérez*
                                          WEIL, GOTSHAL & MANGES LLP
                                          Alfredo R. Pérez (15776275)
                                          Stephanie N. Morrison (*pro hac vice* pending)
                                          700 Louisiana Street, Suite 1700
                                          Houston, Texas 77002
                                          Telephone:  (713) 546-5000
                                          Facsimile:  (713) 224-9511
                                          Email:   Alfredo.Perez@weil.com
                                                           Stephanie.Morrison@weil.com

                                          -and-

                                          WEIL, GOTSHAL & MANGES LLP
                                          Ray C. Schrock, P.C. (*pro hac vice* pending)
                                          Sunny Singh (*pro hac vice* pending)
                                          767 Fifth Avenue
                                          New York, New York 10153
                                          Telephone:  (212) 310-8000
                                          Facsimile:  (212) 310-8007
                                          Email:   Ray.Schrock@weil.com
                                                           Sunny.Singh@weil.com

                                          *Proposed Attorneys for Debtors*
                                          *and Debtors in Possession*

## Certificate of Service

I hereby certify that on August 17, 2021, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                     /s/ *Alfredo R. Pérez*
                                     Alfredo R. Pérez