United States Bankruptcy Court
Southern District of Texas

**ENTERED**

August 19, 2021

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **BASIC ENERGY** | § | |
| **SERVICES, INC.,** *et al.,* | § | **Case No. 21-90002 (DRJ)** |
| | § | |
| **Debtors.**[1] | § | **(Jointly Administered)** |
| | § | **(Related to ECF No. 20)** |

**ORDER (I) ESTABLISHING NOTIFICATION
PROCEDURES AND APPROVING RESTRICTIONS ON (A) CERTAIN
TRANSFERS OF INTERESTS IN DEBTORS AND (B) CERTAIN WORTHLESS
STOCK DEDUCTION CLAIMS; AND (II) GRANTING RELATED RELIEF**

Upon the motion, dated August 17, 2021 (the "**Motion**"),[2] of Basic Energy

Services, Inc. ("**Basic**") and its affiliated debtors, as debtors and debtors in possession

(collectively, the "**Debtors**"), for entry of interim and final orders pursuant to sections 362 and

105(a) of the Bankruptcy Code (i) establishing procedures to protect the potential value of the

Debtors' net operating loss carryforwards and other tax benefits (collectively, the "**Tax**

**Attributes**") for use during the chapter 11 cases and in connection with any post-emergence

disposition of assets of the Debtors; and (ii) granting related relief, as more fully set forth in the

Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction to

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Basic ESA, Inc. (2279); Basic Energy Services, Inc. (1194); C&J Well Services, Inc. (5684); KVS Transportation, Inc. (4882); Indigo Injection #3, LLC (7657); Basic Energy Services GP, LLC (1197); Basic Energy Services LP, LLC (1195); Basic Energy Services, L.P. (1819); Taylor Industries, LLC (7037); SCH Disposal, L.L.C. (8335); Agua Libre Holdco LLC (3092); Agua Libre Asset Co LLC (1409); and Agua Libre Midstream LLC (6701).  The Debtors' headquarters and service address for the purposes of these chapter 11 cases is 801 Cherry Street, Suite 2100, Fort Worth, Texas 76102.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and this Court having held a hearing to consider the relief requested in the Motion with respect to the Stock Procedures; and all objections, if any, to the Motion with respect to the requested relief pertaining to Stock Procedures having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003 and is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Debtors' Tax Attributes are property of the Debtors' estates and are protected by section 362(a) of the Bankruptcy Code.

2.      The provisions of this Order shall be effective upon entry.

3.      The restrictions, notification requirements, and other procedures annexed hereto as **Exhibit 1** (the "**Procedures**") are approved and shall apply to all trading and transfers in the beneficial ownership of, and claiming a Worthless Stock Deduction with respect to, Basic Stock (including directly and indirectly, and including Options to acquire beneficial ownership of Basic Stock); *provided, that*, the Debtors, with the reasonable consent of the Ad Hoc Group of

Bondholders, may waive in writing, any and all restrictions, stays, and notification procedures set forth in the Procedures.

4.      Until further order of this Court to the contrary, any acquisition, disposition, or trading in the beneficial ownership of, or claiming a Worthless Stock Deduction with respect to its beneficial ownership of Basic Stock (including directly and indirectly, and including Options to acquire beneficial ownership of Basic Stock) in violation of the Procedures shall be null and void *ab initio* as an act in violation of the automatic stay under section 362 of the Bankruptcy Code and pursuant to this Court's equitable powers under section 105(a) of the Bankruptcy Code.

5.      Any person or Entity (as such term is defined in section 1.382-3(a) of the U.S. Department of Treasury Regulations promulgated under the Tax Code ("**Treasury Regulations**") acquiring (including by exercising any right of conversion), disposing of, and/or trading in the beneficial ownership of Basic Stock (including directly and indirectly, and including Options to acquire beneficial ownership of Basic Stock) in violation of this Order or the Procedures, or otherwise failing to comply with their requirements, including with respect to claiming a Worthless Stock Deduction, shall be subject to such sanctions as this Court may consider appropriate pursuant to this Court's equitable power prescribed in section 105(a) of the Bankruptcy Code.

6.      The notices substantially in the form annexed here to as **Exhibit 2** through **Exhibit 6** are hereby approved.

7.      As soon as is practicable following the date hereof, and in any event, no more than (3) business days of the entry of the Order, the Debtors will have the notice (the "**Notice**") annexed hereto as **Exhibit 6** served upon registered holders of Basic Energy Services, Inc.'s Common Stock and Series A Preferred Stock.  Furthermore, within three (3) business days

of the entry of the Order, the Debtors will send the Notice to (i) the Securities and Exchange Commission; (ii) any other party entitled to notice pursuant to Bankruptcy Rule 2002; and (iii) any other party entitled to notice pursuant to Local Rule 9013-1(d).  The Debtors shall also publish the Notice at least once in one or more of the following publications: the *Wall Street Journal*, *Midland Reporter-Telegram*, *Bakersfield Californian*, and/or local newspapers, trade journals, or similar publications, as soon as reasonably practicable and post the Procedures to a website established by Prime Clerk LLC (which website shall be identified in the Notice), such notice being reasonably calculated to provide notice to all parties that may be affected by the Procedures, whether known or unknown, and no further notice of the Procedures being necessary.

8. Nothing herein shall preclude any person or Entity desirous of acquiring or transferring any beneficial ownership in, or claiming a Worthless Stock Deduction with respect to its beneficial ownership of, Basic Stock (including directly or indirectly, and including Options to acquire beneficial ownership of Basic Stock), from requesting relief from this Order from this Court, subject to the Debtors' rights to oppose such relief.

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion.

10. The relief granted in this Order is intended solely to permit the Debtors to protect, preserve and maximize the value of their Tax Attributes.  Accordingly, to the extent that this Order expressly conditions or restricts trading in its beneficial ownership of, or claiming a Worthless Stock Deduction with respect to, Basic Stock (including Options to acquire beneficial ownership of Basic Stock), nothing in this Order or in the Motion shall be deemed to prejudice, impair or otherwise alter or affect rights of any holders of interests in the Debtors, including in

connection with the treatment of any such interests under the any chapter 11 plan or any applicable bankruptcy court order.

11.     The requirements of Bankruptcy Rule 6003(b) have been satisfied.

12.     Notice of this Motion is adequate under Bankruptcy Rule 6004(a).

13.     Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

14.     The requirements set forth in this Order are in addition to the requirements of Bankruptcy Rule 3001(e), applicable securities, corporate and other laws, and do not excuse compliance therewith.

15.     The Debtors are authorized to take all steps necessary or appropriate to carry out the relief granted in this Order.

16.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

17.     This Order is being entered solely with respect to the relief requested in the Motion on the Stock Procedures.

18.     A hearing to consider the relief requested in the Motion with respect to the Claims Procedures shall be held on **September 14, 2021 at 3:00 p.m. (Prevailing Central Time)**. Objections must be filed with the Court so as to be received no later than **4:00 p.m. (Prevailing Central Time) on September 7, 2021.**

Signed:  August 19, 2021.

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

5

## **Exhibit 1**

**Procedures**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| In re: | § | **Chapter 11** |
| | § | |
| **BASIC ENERGY** | § | |
| **SERVICES, INC.,** *et al.,* | § | **Case No. 21-90002 (DRJ)** |
| | § | |
| Debtors.[1] | § | **(Jointly Administered)** |
| | § | **(Related to ECF No. ____)** |

**NOTICES, RESTRICTIONS, AND OTHER PROCEDURES**
**REGARDING (A) CERTAIN TRANSFERS OF INTERESTS IN**
**DEBTORS AND (B) CERTAIN WORTHLESS STOCK DEDUCTION CLAIMS**

**TO ALL PERSONS OR ENTITIES WITH EQUITY INTERESTS IN THE DEBTORS:[2]**

Pursuant to that certain *Order (I) Establishing Notification Procedures and Approving Restrictions on (A) Certain Transfers of Interests in Debtors and (B) Certain Worthless Stock Deduction Claims; and (II) Granting Related Relief* (the "**Order**") entered by the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**") on _____, 2021, Docket No. ____, the following restrictions, notification requirements, and/or other procedures (collectively, the **"Procedures"**) apply to all trading and transfers in the beneficial ownership of Basic Stock (including directly and indirectly, and Options to acquire

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Basic ESA, Inc. (2279); Basic Energy Services, Inc. (1194); C&J Well Services, Inc. (5684); KVS Transportation, Inc. (4882); Indigo Injection #3, LLC (7657); Basic Energy Services GP, LLC (1197); Basic Energy Services LP, LLC (1195); Basic Energy Services, L.P. (1819); Taylor Industries, LLC (7037); SCH Disposal, L.L.C. (8335); Agua Libre Holdco LLC (3092); Agua Libre Asset Co LLC (1409); and Agua Libre Midstream LLC (6701).  The Debtors' headquarters and service address for the purposes of these chapter 11 cases is 801 Cherry Street, Suite 2100, Fort Worth, Texas 76102.

[2]   Capitalized terms used but not defined herein (in particular, see definitions in sections A(i) and B(i) below) shall have the meanings ascribed to them in the Order.

beneficial ownership of Basic Stock), and all claims of Worthless Stock Deductions by a Majority Holder with respect to its beneficial ownership of Basic Stock.

## A.  Procedures

(i)      Definitions Relating to Trading in Stock.  For purposes of these Procedures regarding Basic Stock Ownership, Acquisition, and Disposition (the "**Stock Procedures**"), the following terms have the following meanings:

(1)      "**Common Stock**" shall mean any common stock issued by Basic.

(2)      "**Preferred Stock**" shall mean the Series A preferred stock issued by Basic.

(3)      "**Basic Stock**" shall mean any Common Stock and any Preferred Stock.  For the avoidance of doubt, by operation of the definition of beneficial ownership, an owner of an Option to acquire Basic Stock may be treated as the owner of such Basic Stock

(4)      "**Option**" shall mean any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock, or similar interest regardless of whether it is contingent, subject to vesting or otherwise not currently exercisable.

(5)      "**Beneficial ownership**" (and any variation thereof including "beneficially owns") of Basic Stock and Options to acquire Basic Stock shall be determined in accordance with applicable rules under section 382 of the title 26 of the United States Code (the "**Tax Code**"), the regulations promulgated by the U.S. Department of the Treasury under the Tax Code (the "**Treasury Regulations**") and rulings issued by the Internal Revenue Service (the "**IRS**"), and as provided herein, thus, shall include, without limitation, (i) direct and indirect ownership of Basic Stock without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity (e.g., a holding company would be considered to beneficially own all stock owned or acquired by its subsidiaries), (ii) ownership by a holder's family members, (iii) any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock, and (iv) to the extent set forth in Treasury Regulations section 1.382-4, the ownership of an Option to acquire Basic Stock.

(6)      "**Entity**" shall mean any "entity" as such term is defined in Treasury Regulations section 1.382-3(a), including a group of persons who have a formal or informal understanding among themselves to make a coordinated acquisition of stock.

(7)      "**Majority Holder**" shall mean any person that either (i) beneficially owned at any time since December 31, 2017 at least 11,827,000 shares of Common Stock (representing approximately 47.5% of the lowest amount of outstanding shares of Common Stock at any time since that date), (ii) beneficially owned at any time at least 47.5% of the then outstanding shares of Preferred Stock, or (iii) would be a "50-percent shareholder" (within the

meaning of section 382(g)(4)(D) of the Tax Code) of Basic Stock if such person claimed a Worthless Stock Deduction on its federal income tax return at any time on or after the Petition Date.

     (8) "**Substantial Stockholder**" shall mean any person or Entity that beneficially owns (i) at least 6,825,000 shares of Common Stock (representing approximately 4.75% of all issued and outstanding common shares as of the Petition Date, assuming for this purpose full conversion of each share of Preferred Stock), or (ii) a number of shares of Preferred Stock representing 4.75% or more of the outstanding shares of Preferred Stock at the time of the Proposed Transaction.  For the avoidance of doubt, by operation of the definition of Beneficial Ownership, an owner of an Option to acquire Basic Stock may be treated as the owner of such Basic Stock.

     (9) "**Worthless Stock Deduction**" shall mean any claim (for U.S. federal income tax reporting purposes) of a worthlessness deduction under section 165 of the Tax Code with respect to the beneficial ownership of Basic Stock.

     (10) "**Disclosure Parties**" shall mean (i) Basic Energy Services, Inc., 801 Cherry Street, Suite 2100, Fort Worth, Texas 76102 (Attn: Robert Reeb); (ii) proposed counsel to the Debtors, Weil, Gotshal & Manges LLP, at 767 Fifth Avenue, New York, New York, 10153, Attn: Sunny Singh (Sunny.Singh@weil.com) and Elissabeth Berdini (Elissa.Berdini@weil.com), and 700 Louisiana Street, Suite 1700, Houston, TX 77002-2784, Attn: Stephanie N. Morrison (Stephanie.Morrison@weil.com); (iii) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017 (Attn: Damian S. Schaible, Esq., and Adam L. Shpeen, Esq.), counsel to an Ad Hoc Group of Bondholders; (iv) Fried, Frank Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York 10004, counsel to Ascribe Capital, LLC (Attn: Brad E. Scheler, Peter B. Siroka, Caroline Sandberg, and Carl I. Stapen); (v) Haynes and Boone, LLP, 2323 Victory Avenue, Suite 700, Dallas TX 75219 (Attn: James Markus, Matt Ferris, and Kelli Norfleet), counsel to Bank of America; and (vi) counsel for any statutory committee of unsecured creditors appointed in these cases.

     (ii) <u>Notice of Substantial Ownership</u>.  Any person or Entity that beneficially owns, at any time on or after the Petition Date, Basic Stock in an amount sufficient to qualify such person or Entity as a Substantial Stockholder shall file with the Bankruptcy Court, and serve upon the Disclosure Parties, a notice (a "**Substantial Stock Ownership Notice**") in substantially the form annexed to the Order as **Exhibit 2**, which describes specifically and in detail the Basic Stock ownership of such person or Entity, on or before the date that is the later of: (a) twenty (20) calendar days after the entry of the Order, and (b) ten (10) business days after that person or Entity qualifies as a Substantial Stockholder.  At the election of the Substantial Stockholder, the Substantial Stock Ownership Notice to be filed with this Court (but not the Substantial Stock Ownership Notice that is served upon the Disclosure Parties) may be redacted to exclude the Substantial Stockholder's taxpayer identification number and the amount of Basic Stock that the Substantial Stockholder beneficially owns.

     (iii) <u>Acquisition of Basic Stock</u>.  At least twenty (20) business days prior to the proposed date of any transfer in the beneficial ownership of Basic Stock (including directly or indirectly, and including the grant or acquisition of Options to acquire beneficial ownership of

such stock), or exercise of any Option to acquire beneficial ownership of Basic Stock, that would result in an increase in the amount of Basic Stock beneficially owned by any person or Entity that currently is or that would result in a person or Entity becoming a Substantial Stockholder (a "**Proposed Acquisition Transaction**"), such acquiring or increasing person, Entity or Substantial Stockholder (a "**Proposed Transferee**") shall file with the Bankruptcy Court, and serve upon the Disclosure Parties, a Notice of Intent to Purchase, Acquire, or Otherwise Accumulate Basic Stock (an "**Acquisition Notice**"), in the form annexed to the Order as **Exhibit 3**, which describes specifically and in detail the Proposed Acquisition Transaction.  At the election of the Proposed Transferee, the Acquisition Notice to be filed with the Bankruptcy Court (but not the Acquisition Notice that is served upon the Disclosure Parties) may be redacted to exclude the Proposed Transferee's taxpayer identification number and the amount of Basic Stock that the Proposed Transferee beneficially owns.

(iv)    <u>Disposition of Basic Stock</u>.  At least twenty (20) business days prior to the proposed date of any transfer or other disposition in the beneficial ownership of Basic Stock (including directly and indirectly, and Options to acquire beneficial ownership of Basic Stock) that would result in either a decrease in the amount of Basic Stock beneficially owned by a Substantial Stockholder or a person or Entity ceasing to be a Substantial Stockholder (a "**Proposed Disposition Transaction**," and together with a Proposed Acquisition Transaction, a "**Proposed Transaction**"), such selling or decreasing person, Entity, or Substantial Stockholder (a "**Proposed Transferor**") shall file with the Bankruptcy Court, and serve upon the Disclosure Parties, a Notice of Intent to Sell, Trade, or Otherwise Transfer Basic Stock (a "**Disposition Notice**", and together with an Acquisition Notice, a "**Trading Notice**"), in the form annexed to the Order as **Exhibit 4**, which describes specifically and in detail the proposed transaction in which Basic Stock would be transferred.  At the election of the Proposed Transferor, the Disposition Notice to be filed with the Bankruptcy Court (but not the Disposition Notice that is served upon the Disclosure Parties) may be redacted to exclude the Proposed Transferor's taxpayer identification number and the amount of Basic Stock that the Proposed Transferor beneficially owns.

(v)    <u>Notice of Intent to Claim a Worthless Stock Deduction</u>.  At least twenty (20) business days before a Majority Holder files any federal income tax return, or any amendment to such a return, claiming a Worthless Stock Deduction for a tax year of the Majority Holder ending on or before the effective date of a chapter 11 plan for the Debtors, such Majority Holder shall file with this Court and serve upon the Disclosure Parties advanced written notice of the intended tax deduction (a "**Worthless Stock Deduction Notice**"), in substantially the form annexed to the Order as **Exhibit 5**.  At the election of the Majority Holder, the Worthless Stock Deduction Notice to be filed with the Bankruptcy Court (but not the Worthless Stock Deduction Notice that is served upon the Disclosure Parties) may be redacted to exclude the Majority Holder's taxpayer identification number and the amount of Basic Stock that the Proposed Transferor beneficially owns.

(vi)    <u>Objection Procedures</u>.  The Debtors shall have fifteen (15) business days after the filing of a Trading Notice or Worthless Stock Deduction Notice (the "**Objection Period**") to file with the Bankruptcy Court and serve on a Proposed Transferee or a Proposed Transferor, as the case may be, an objection (an "**Objection**) to any Proposed Transaction described in such Trading Notice or any Worthless Stock Deduction described in such Worthless Stock Deduction

Notice.  For the avoidance of doubt, the Debtors do not seek to limit the rights that any other parties in interest, including the Ad Hoc Group of Bondholders, may have to object to any Proposed Transaction.  If the Debtors file an Objection by the expiration of the Objection Period (the "**Objection Deadline**"), then the Proposed Transaction shall not be effective unless approved by a final and non-appealable order of the Bankruptcy Court.  If the Debtors do not file an Objection by the Objection Deadline or if the Debtors provide written authorization to the Proposed Transferee or the Proposed Transferor, as the case may be, or the Majority Holder, as applicable, approving the Proposed Transaction or the a Worthless Stock Deduction prior to the Objection Deadline, then such Proposed Transaction or a Worthless Stock Deduction may proceed solely as specifically described in the applicable Trading Notice or a Worthless Stock Deduction Notice.  Any further Proposed Transaction or a Worthless Stock Deduction must be the subject of an additional Trading Notice or a Worthless Stock Deduction Notice and Objection Period.

## C.   Noncompliance with the Procedures

Any transfer of the beneficial ownership of Basic Stock, or any claiming of a Worthless Stock Deduction by a Majority Holder, in violation of these Procedures shall be null and void ab initio as an act in violation of the automatic stay under section 362 of the Bankruptcy Code and pursuant to the Bankruptcy Court's equitable powers under section 105(a) of the Bankruptcy Code.  Furthermore, any person (including any Entity) that acquires or disposes of beneficial ownership of Basic Stock or any Majority Holder that claims a Worthless Stock Deduction in violation of these Procedures shall be subject to sanctions as provided by law.

## D.  Debtors' Right to Waive

**The Debtors may, with the reasonable consent of the Ad Hoc Group of Bondholders, waive in writing, any and all of the foregoing restrictions, stays, and notification procedures contained in this Notice; _provided_, _however_, that after a chapter 11 plan utilizing section 382(l)(5) of the Tax Code has been properly filed by a plan proponent (other than by, or jointly with, the Debtors) and is still actively being pursued before the Court, the consent of such plan proponent also shall be necessary for any subsequent waiver to be effective.**

[_Remainder of page intentionally left blank_]

## **Exhibit 2**

**Form of Substantial Stock Ownership Notice**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| BASIC ENERGY | § | |
| SERVICES, INC., *et al.*, | § | Case No. 21-90002 (DRJ) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | (Related to ECF No. ____) |

NOTICE OF SUBSTANTIAL STOCK OWNERSHIP

PLEASE TAKE NOTICE that, pursuant to that certain *Order (I) Establishing Notification Procedures and Approving Restrictions on (A) Certain Transfers of Interests in Debtors and (B) Certain Worthless Stock Deduction Claims; and (II) Granting Related Relief*, dated [___] [Docket No. [__] (with all exhibits thereto, the "**Order**"), [Name of Filer] (the "**Filer**") hereby provides notice that, as of the date hereof, the Filer beneficially owns:

(i)      _____ shares of Common Stock,[2]

(ii)     _____ shares of Preferred Stock,

(iii)   Options to acquire _____ shares of Common Stock, and/or

(iv)   Options to acquire _____ shares of Preferred Stock.

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is _____.

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Basic ESA, Inc. (2279); Basic Energy Services, Inc. (1194); C&J Well Services, Inc. (5684); KVS Transportation, Inc. (4882); Indigo Injection #3, LLC (7657); Basic Energy Services GP, LLC (1197); Basic Energy Services LP, LLC (1195); Basic Energy Services, L.P. (1819); Taylor Industries, LLC (7037); SCH Disposal, L.L.C. (8335); Agua Libre Holdco LLC (3092); Agua Libre Asset Co LLC (1409); and Agua Libre Midstream LLC (6701).  The Debtors' headquarters and service address for the purposes of these chapter 11 cases is 801 Cherry Street, Suite 2100, Fort Worth, Texas 76102.

[2]   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Procedures annexed as Exhibit 1 to the Order.

**PLEASE TAKE FURTHER NOTICE** that the following table sets forth the following information:

For Basic Stock and/or Options to acquire Basic Stock that are owned directly by the Filer, the following table sets forth (i) the number of such shares, and/or the number of shares subject to Options beneficially owned by such Filer, and (ii) the date(s) on which such shares and/or Options were acquired (broken out by class, as applicable).

In the case of Basic Stock and/or Options to acquire Basic Stock that are not owned directly by the Filer but are nonetheless beneficially owned by the Filer, the table sets forth (i) the name(s) of each record or legal owner of such shares of Basic Stock and/or Options to acquire shares of Basic Stock beneficially owned by the Filer, (ii) the number of shares of Basic Stock and/or the number of shares of Basic Stock subject to Options beneficially owned by such Filer and (iii) the date(s) on which such Basic Stock and/or Options were acquired (broken out by class, as applicable).

| Class | Name of Owner | Shares Owned | Shares Subject to Options Owned | Date(s) Acquired |
|---|---|---|---|---|
| Common Stock | | | | |
| Preferred Stock | | | | |

(Attach additional pages if necessary)

[[IF APPLICABLE] The Filer is represented by [name of the law firm], [address], [phone], (Attn: [name]).]

Respectfully submitted,

_____
[Name of Filer]

By: _____
Name: _____

Address: _____

_____
Telephone: _____
Facsimile: _____

Date: _____

## Exhibit 3

**Form of Acquisition Notice**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| BASIC ENERGY | § | |
| SERVICES, INC., *et al.*, | § | Case No. 21-90002 (DRJ) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | (Related to ECF No. ____) |

NOTICE OF INTENT TO PURCHASE,
__ACQUIRE OR OTHERWISE ACCUMULATE BASIC STOCK__

PLEASE TAKE NOTICE that, pursuant to that certain *Order (I) Establishing Notification Procedures and Approving Restrictions on (A) Certain Transfers of Interests in Debtors and (B) Certain Worthless Stock Deduction Claims; and (II) Granting Related Relief* dated [___] [Docket No. [__] (with all exhibits thereto, the "**Order**"), [Name of Filer] (the "**Filer**") hereby provides notice of (i) its intention to purchase, acquire or otherwise accumulate directly (a) one or more shares of Common Stock,[2] (b) and/or Options to acquire Basic Stock and/or (ii) a proposed purchase or acquisition of Basic Stock and/or Options to acquire Basic Stock that would result in an increase in the number of shares of Common Stock and/or number of shares underlying Options that are beneficially owned (as defined below) by the Filer (any proposed transaction described in (i) or (ii), a "**Proposed Transfer**").

PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

1. If the Proposed Transfer involves the purchase or acquisition directly by the Filer of Basic Stock and/or Options to acquire Basic Stock, the table sets forth (i) the number of shares of Basic Stock and/or the number of shares of Basic Stock underlying Options proposed to

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Basic ESA, Inc. (2279); Basic Energy Services, Inc. (1194); C&J Well Services, Inc. (5684); KVS Transportation, Inc. (4882); Indigo Injection #3, LLC (7657); Basic Energy Services GP, LLC (1197); Basic Energy Services LP, LLC (1195); Basic Energy Services, L.P. (1819); Taylor Industries, LLC (7037); SCH Disposal, L.L.C. (8335); Agua Libre Holdco LLC (3092); Agua Libre Asset Co LLC (1409); and Agua Libre Midstream LLC (6701).  The Debtors' headquarters and service address for the purposes of these chapter 11 cases is 801 Cherry Street, Suite 2100, Fort Worth, Texas 76102.

[2]  Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Procedures annexed as Exhibit 1 to the Order.

be purchased or acquired, and (ii) the date(s) of such Proposed Transfer (broken out by class, as applicable).

2.  If the Proposed Transfer involves the purchase or acquisition of Basic Stock and/or Options to acquire Basic Stock by a person or Entity other than the Filer, but the Proposed Transfer nonetheless would increase the number of shares of Basic Stock and/or number of shares of Basic Stock underlying Options that are beneficially owned by the Filer, the table sets forth (i) the name(s) of each such person or Entity that proposes to purchase or acquire such shares of Basic Stock and/or Options, (ii) the number of shares of Basic Stock and/or number of shares of Basic Stock underlying Options proposed to be purchased or acquired, and (iii) the date(s) of such Proposed Transfer (broken out by class, as applicable).

| Class | Name of Purchaser or Acquirer | Shares to be Purchased or Acquired | Shares Subject to Options to be Purchased or Acquired | Date(s) of Proposed Transfer |
|---|---|---|---|---|
| Common Stock | | | | |
| Preferred Stock | | | | |

(Attach additional page if necessary)

**PLEASE TAKE FURTHER NOTICE** that the following table summarizes the Filer's beneficial ownership of Basic Stock and/or Options to acquire Basic Stock assuming the Proposed Transfer is approved and consummated as described above.  The table sets forth, as of immediately following the Proposed Transfer, (i) number of shares of Basic Stock and/or the number of shares of Basic Stock underlying Options that would be owned <u>directly</u> by the Filer and (ii) in the case of any beneficial ownership by the Filer of Basic Stock and/or Options that would be owned by another person or Entity as record/legal owner, the name(s) of each prospective record/legal owner, and the number of shares of Basic Stock and/or the number of shares of Basic Stock underlying Options that would be owned by each such record/legal owner (broken out by class, as applicable):

| Class | Name of Owner | Shares to be Owned | Shares Underlying Options to be Owned |
|---|---|---|---|
| Common Stock | | | |
| Preferred Stock | | | |

(Attach additional page if necessary)

**PLEASE TAKE FURTHER NOTICE** that if the Proposed Transfer involves a purchase or acquisition of Basic Stock and/or Options to acquire Basic Stock directly by the Filer and such Proposed Transfer would result in (i) an increase in the beneficial ownership of Basic Stock and/or Options to acquire Basic Stock by a person or Entity (other than the Filer) that currently is a Substantial Stockholder or (ii) a person or Entity (other than the Filer) becoming a Substantial Stockholder, the following table sets forth (a) the name of each such person or Entity,

2

(b) the number of shares of Basic Stock and/or the number of shares of Basic Stock underlying Options that are beneficially owned by such person or Entity prior to the Proposed Transfer, and (c) the number of shares of Basic Stock and/or the shares of Basic Stock underlying Options that would be beneficially owned by such person or Entity immediately following the Proposed Transfer (broken out by class, as applicable).

| Class | Name of Beneficial Owner | Shares Owned prior to Proposed Transfer | Shares to be Owned Following Proposed Transfer | Shares Underlying Options prior to Proposed Transfer | Shares Underlying Options Following Proposed Transfer |
|---|---|---|---|---|---|
| Common Stock | | | | | |
| Preferred Stock | | | | | |

(Attach additional page if necessary)

**PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of the Filer is _____.

**PLEASE TAKE FURTHER NOTICE** that, under penalties of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, this Notice is being filed with the Bankruptcy Court and served upon the Disclosure Parties.

**PLEASE TAKE FURTHER NOTICE** that, *if the Debtors file an objection to the Proposed Transfer within fifteen (15) business days after the filing of this Notice, the Proposed Transfer described herein shall not be effective, unless approved by a final and non-appealable order of the Bankruptcy Court*. If the Proposed Transfer is approved by the Debtors, then such Proposed Transfer may proceed solely as specifically described in this Notice.

**PLEASE TAKE FURTHER NOTICE** that any further transactions that may result in the Filer increasing its beneficial ownership of Basic Stock and/or Options to acquire

3

Basic Stock will each require an additional notice filed with the Bankruptcy Court to be served in the same manner as this Notice.

            [[IF APPLICABLE] The Filer is represented by [name of the law firm], [address], [phone], (Attn: [name]).]

Respectfully submitted,

_____
[Name of Filer]

By: _____
Name: _____

Address: _____
_____
_____
Telephone: _____
Facsimile: _____

Date: _____

**Exhibit 4**

**Form of Disposition Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | § | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **BASIC ENERGY** | § | |
| **SERVICES, INC.,** *et al.,* | § | **Case No. 21-90002 (DRJ)** |
| | § | |
| Debtors.[1] | § | **(Jointly Administered)** |
| | § | **(Related to ECF No. ____)** |

**NOTICE OF INTENT TO SELL, TRADE**
**OR OTHERWISE TRANSFER BASIC STOCK**

        **PLEASE TAKE NOTICE** that, pursuant to that certain *Order (I) Establishing Notification Procedures and Approving Restrictions on (A) Certain Transfers of Interests in Debtors and (B) Certain Worthless Stock Deduction Claims; and (II) Granting Related Relief,* dated [___] [Docket No. [__] (with all exhibits thereto, the "**Order**"), [Name of Filer] (the "**Filer**") hereby provides notice of (i) its intention to sell, trade or otherwise transfer or dispose of (a) one or more shares of Basic Stock[2] and/or (b) Options to acquire Basic Stock; (ii) a proposed sale, transfer or disposition of Basic Stock and/or (iii) Options to acquire Basic Stock that would result in a decrease in the number of shares of Basic Stock and/or number of shares of Basic Stock underlying Options to acquire Basic Stock that are beneficially owned by the Filer (any proposed transaction described in clauses (i) through (iii), a "**Proposed Transfer**").

        **PLEASE TAKE FURTHER NOTICE** that the following table sets forth the following information:

        1. If the Proposed Transfer involves the sale, transfer or disposition directly by the Filer of Basic Stock and/or Options to acquire Basic Stock, the table sets forth (i) the number of shares of Basic Stock and/or the number of shares of Basic Stock underlying Options proposed to

---

1   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Basic ESA, Inc. (2279); Basic Energy Services, Inc. (1194); C&J Well Services, Inc. (5684); KVS Transportation, Inc. (4882); Indigo Injection #3, LLC (7657); Basic Energy Services GP, LLC (1197); Basic Energy Services LP, LLC (1195); Basic Energy Services, L.P. (1819); Taylor Industries, LLC (7037); SCH Disposal, L.L.C. (8335); Agua Libre Holdco LLC (3092); Agua Libre Asset Co LLC (1409); and Agua Libre Midstream LLC (6701).  The Debtors' headquarters and service address for the purposes of these chapter 11 cases is 801 Cherry Street, Suite 2100, Fort Worth, Texas 76102.

2   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Procedures annexed as Exhibit 1 to the Order.

be sold, transferred or disposed of, and (ii) the date(s) of such Proposed Transfer (broken out by class, as applicable).

2. If the Proposed Transfer involves the sale, transfer or disposition of Basic Stock and/or Options to acquire Basic Stock by a person or Entity other than the Filer, but the Proposed Transfer nonetheless would decrease the number of shares of Basic Stock and/or number of shares of Basic Stock underlying Options that are beneficially owned by the Filer, the table sets forth (i) the name(s) of each such person or Entity that proposes to sell, transfer or dispose of such Basic Stock and/or Options, (ii) the number of shares of Basic Stock and/or number of shares of Basic Stock underlying Options proposed to be so sold, transferred or disposed of, and (iii) the date(s) of such Proposed Transfer (broken out by class, as applicable).

| Class | Name of Transferor | Shares to be Sold, Transferred or Disposed | Shares to be Sold, Transferred or Disposed | Date(s) of Proposed Transfer |
|---|---|---|---|---|
| Common Stock | | | | |
| Preferred Stock | | | | |

(Attach additional page if necessary)

**PLEASE TAKE FURTHER NOTICE** that the following table summarizes the Filer's beneficial ownership of Basic Stock and/or Options to acquire Basic Stock assuming the Proposed Transfer is approved and consummated as described above.  The table sets forth, as of immediately following the Proposed Transfer, (i) number of shares of Basic Stock and/or the number of shares of Basic Stock underlying Options that would be owned <u>directly</u> by the Filer and (ii) in the case of any beneficial ownership by the Filer of Basic Stock and/or Options that would be owned by another person or Entity as record/legal owner, the name(s) of each prospective record/legal owner, and the number of shares of Basic Stock and/or the number of shares of Basic Stock underlying Options that would be owned by each such record/legal owner (broken out by class, as applicable):

| Class | Name of Owner | Shares to be Owned | Shares Underlying Options to be Owned |
|---|---|---|---|
| Common Stock | | | |
| Preferred Stock | | | |

(Attach additional page if necessary)

**PLEASE TAKE FURTHER NOTICE** that if the Proposed Transfer involves a sale, transfer or disposition of Basic Stock and/or Options to acquire Basic directly by the Filer and such Proposed Transfer would result in (i) a decrease in the beneficial ownership of Basic Stock and/or Options to acquire Basic Stock by a person or Entity (other than the Filer) that

currently is a Substantial Stockholder or (ii) a person or Entity (other than the Filer) becoming a Substantial Stockholder, the following table sets forth (a) the name of each such person or Entity, (b) the number of shares of Basic Stock and/or the number of shares of Basic Stock underlying Options that are beneficially owned by such person or Entity prior to the Proposed Transfer, and (c) the number of shares of Basic Stock and/or the shares of Basic Stock underlying Options that would be beneficially owned by such person or Entity immediately following the Proposed Transfer (broken out by class, as applicable).

| Class | Name of Beneficial Owner | Shares owned prior to Proposed Transfer | Shares Owned Following Proposed Transfer | Shares Underlying Options Owned prior to Proposed Transfer | Shares Underlying Options to be Owned Following Proposed Transfer |
|---|---|---|---|---|---|
| Common Stock | | | | | |
| Preferred Stock | | | | | |

(Attach additional page if necessary)

**PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of the Filer is _____.

**PLEASE TAKE FURTHER NOTICE** that, under penalties of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, this Notice is being filed with the Bankruptcy Court and served upon the Disclosure Parties.

**PLEASE TAKE FURTHER NOTICE** that *if the Debtors file an objection to the Proposed Transfer within fifteen (15) business days after the filing of this Notice, the Proposed Transfer described herein shall not be effective, unless approved by a final and non-appealable order of the Court*. If the Proposed Transfer is approved by the Debtors, then such Proposed Transfer may proceed solely as specifically described in this Notice.

**PLEASE TAKE FURTHER NOTICE** that any further transactions that may result in the Filer decreasing its beneficial ownership of Basic Stock and/or Options to acquire Basic Stock will each require an additional notice filed with the Court to be served in the same manner as this Notice.

[[IF APPLICABLE] The Filer is represented by [name of the law firm], [address], [phone], (Attn: [name]).]

Respectfully submitted,

_____

[Name of Filer]

By: _____
Name: _____

Address: _____

_____

Telephone: _____
Facsimile: _____


Date: _____

## **Exhibit 5**

**Form of Worthless Stock Deduction Notice**

## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

---------------------------------------------------------- x
:
In re                            :        **Chapter 11**
:
**BASIC ENERGY SERVICES, INC.,** *et al.,*   :        **Case No. 21-90002 (DRJ)**
:
**Debtors.**[1]   :        **(Joint Administration Requested)**
:
---------------------------------------------------------- x

### DECLARATION OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION

      **PLEASE TAKE NOTICE** that, pursuant to that certain *Order (I) Establishing Notification Procedures and Approving Restrictions on (A) Certain Transfers of Interests in Debtors and (B) Certain Worthless Stock Deduction Claims; and (II) Granting Related Relief*, dated [_____], 2021, Docket No. [__] (with all exhibits thereto, the "**Order**"), [Name of Filer] (the "**Filer**") hereby provides notice of its intention to claim a Worthless Stock Deduction[2] with respect to its beneficial ownership of Basic Stock (a "**Proposed Deduction**").

      **PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____, 2021, the Filer filed a Declaration of Status as a Majority Holder with this Court.

      **PLEASE TAKE FURTHER NOTICE** that the Filer currently beneficially owns _____ shares of Common Stock and _____ shares of Preferred Stock.

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Deduction, the Filer proposes to claim a Worthless Stock Deduction with respect to its beneficial ownership of _____ shares of Common Stock and _____ shares of Preferred Stock. If the Proposed Deduction is permitted to occur, the Filer will be treated as having acquired beneficial ownership of _____ shares of Common Stock and _____ shares of Preferred Stock on the first day of the Filer's next

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Basic ESA, Inc. (2279); Basic Energy Services, Inc. (1194); C&J Well Services, Inc. (5684); KVS Transportation, Inc. (4882); Indigo Injection #3, LLC (7657); Basic Energy Services GP, LLC (1197); Basic Energy Services LP, LLC (1195); Basic Energy Services, L.P. (1819); Taylor Industries, LLC (7037); SCH Disposal, L.L.C. (8335); Agua Libre Holdco LLC (3092); Agua Libre Asset Co LLC (1409); and Agua Libre Midstream LLC (6701).  The Debtors' headquarters and service address for the purposes of these chapter 11 cases is 801 Cherry Street, Suite 2100, Fort Worth, Texas 76102.

[2]  Capitalized terms used, but not defined, herein, and the term "beneficial ownership" (and derivatives thereof), shall have the meanings ascribed to them in Exhibit 1 to the Order.

taxable year and shall be treated as never having owned such Basic Stock during any prior year for the purposes of testing whether an Ownership Change has occurred.

**PLEASE TAKE FURTHER NOTICE** that the taxpayer identification number of the Filer is _____.

**PLEASE TAKE FURTHER NOTICE** that, under penalty of perjury, the Filer hereby declares that it has examined this Declaration and accompanying attachments (if any), and, to the best of its knowledge and belief, this Declaration and any attachments which purport to be part of this Declaration are true, correct, and complete.

[[IF APPLICABLE:]  The Filer is represented by [name of law firm], [address], [phone], (Attn: [name of attorney]).]

Respectfully submitted,


_____
[Name of Filer]

By: _____
Name: _____

Address: _____
_____
Telephone: _____
Facsimile: _____


Date: _____

2

**<u>Exhibit 6</u>**

**Notice**

**ATTENTION DIRECT AND INDIRECT HOLDERS OF, AND PROSPECTIVE HOLDERS OF, (I) STOCK ISSUED BY BASIC ENERGY SERVICES, INC. AND (II) CERTAIN CLAIMS AGAINST BASIC ENERGY SERVICES, INC. OR ITS SUBSIDIARIES:**

On [_____, 2021], the United States Bankruptcy Court for the Southern District of Texas (the "**Court**"), having jurisdiction over the chapter 11 cases of Basic Energy Services, Inc. ("**Basic**"), and its subsidiaries (the "**Debtors**"), captioned as *In re Basic Energy Services Inc., et al.*, Case No. 21-90002 (DRJ) (the "**Chapter 11 Cases**"), entered an order establishing procedures (the "**Procedures**")[1] with respect to (i) transfers in the beneficial ownership (including directly or indirectly) of, and claiming a worthless stock deduction with respect to the beneficial ownership of, common stock of the Debtors ("**Common Stock**") and Series A preferred stock of the Debtors ("**Preferred Stock**" and together with the Common Stock "**Basic Stock**") and options to acquire beneficial ownership of Basic Stock (the "**Stock Procedures**").  *See Order (I) Establishing Notification Procedures and Approving Restrictions on (A) Certain Transfers of Interests in Debtors and (B) Certain Worthless Stock Deduction Claims; and (II) Granting Related Relief* [ECF No. 20] (the "**Order**").[2]

In certain circumstances, the procedures restrict transactions involving, and require notices of the holdings of and proposed transactions by, any person, group of persons, or entity that either (i) is a Substantial Stockholder of Basic Stock or (ii) as a result of such a transaction, would become a Substantial Stockholder of Basic Stock or (iii) claims by any Majority Holder of a worthless stock deduction under section 165 of the Internal Revenue Code with respect to the beneficial ownership of Basic Stock (a "**Worthless Stock Deduction**").  For purposes of the Procedures, a "**Substantial Stockholder**" is any person or entity (within the meaning of applicable U.S. Treasury regulations, including certain persons making a coordinated acquisition) that beneficially owns, directly or indirectly, at least (i) 6,825,000 shares of Common Stock (representing approximately 4.75% of all issued and outstanding common shares as of the Petition Date, assuming for this purpose full conversion of each share of Preferred Stock), or (ii) a number of shares of Preferred Stock representing 4.75% or more of the outstanding shares of Preferred Stock at the time of the Proposed Transaction and a "**Majority Holder**" shall mean any person that either (i) beneficially owned at any time since December 31, 2017 at least 11,827,000 shares of Common Stock (representing approximately 47.5% of the lowest amount of outstanding shares of Common Stock at any time since that date), (ii) beneficially owned at any time at least 47.5% of the then outstanding shares of Preferred Stock, or (iii) would be a "50-percent shareholder" (within the meaning of section 382(g)(4)(D) of the Tax Code) of Basic Stock if such person claimed a Worthless Stock Deduction on its federal income tax return at any time on or after the Petition Date.  ***Any prohibited acquisition or other transfer of, or claim of a Worthless Stock Deduction with respect to, Basic Stock (including options to acquire beneficial ownership of Basic Stock) will be null and void ab initio and may lead to contempt, compensatory damages, punitive damages, or sanctions being imposed by the Bankruptcy Court.***

---

[1]   The Procedures are annexed to the Order (defined herein) as <u>Exhibit 1</u>.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Order and the Procedures.

In addition, the Debtors have requested approval of additional Claims Procedures, to be considered at a continuation of the hearing, that set forth certain circumstances under which any person, group of persons, or entity that has acquired or, as a result of a proposed transaction would acquire, beneficial ownership of a substantial amount of claims against the Debtors can be required (i) to file notice of their holdings of such claims and of such proposed transaction, which transaction may be restricted, and (ii) upon a subsequent order of the Bankruptcy Court, after notice and hearing, to sell, by a specified date following the confirmation of a chapter 11 plan of the Debtors, all or a portion of any claims acquired during the chapter 11 cases.

***The Procedures, are available on the website of the Debtors' Court-approved claims agent, Prime Clerk LLC, located at [●], and also on docket of the Chapter 11 Cases, Docket No. _____, which can be accessed via PACER at https://www.pacer.gov.***

**PLEASE TAKE FURTHER NOTICE** that the continuation of the hearing to consider the Claims Procedures shall be held on **September 14, 2021, at 3:00 p.m. (Central Time)** and any objections or responses to the Motion shall be in writing, filed with the Court, with a copy to chambers, and served upon (i) proposed counsel to the Debtors, Weil, Gotshal & Manges LLP, at 767 Fifth Avenue, New York, New York, 10153, Attn: Sunny Singh (Sunny.Singh@weil.com) and Elissabeth Berdini (Elissa.Berdini@weil.com), and 700 Louisiana Street, Suite 1700, Houston, TX 77002-2784, Attn: Stephanie N. Morrison (Stephanie.Morrison@weil.com); (ii) the Office of the United States Trustee for the Southern District of Texas, 515 Rusk Street, Suite 3516, Houston, Texas 77002; (iii) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017 (Attn: Damian S. Schaible, Esq., and Adam L. Shpeen, Esq.), counsel to an Ad Hoc Group of Bondholders; (iv) Haynes and Boone, LLP, 2323 Victory Avenue, Suite 700, Dallas TX 75219 (Attn: James Markus, Matt Ferris, and Kelli Norfleet), counsel to Bank of America; and (v) counsel for any statutory committee of unsecured creditors appointed in these cases in each case so as to be received no later than **4:00 p.m. on September 7, 2021.**

**PLEASE TAKE FURTHER NOTICE** that the requirements set forth in the Procedures are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate, and other laws, and do not excuse non-compliance therewith.

**A direct or indirect holder of, or prospective holder of, Basic Stock that may be or become a Substantial Stockholder, or a direct or indirect holder of, or prospective holder of, a substantial amount of claims against the Debtors, should consult the Procedures.**

Dated:   [●], 2021
         Houston, Texas                              **BY ORDER OF THE COURT**