IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| BASIC ENERGY | § | Case No. 21-90002 (DRJ) |
| SERVICES, INC., *et al.*, | § | |
| | § | (Jointly Administered) |
| Debtors.[1] | § | |

## STIPULATION AND ORDER GRANTING
## LIMITED RELIEF FROM THE AUTOMATIC STAY REGARDING
## PPC ENERGY, LP AND PRIEST PETROLEUM CORPORATION LITIGATION

This stipulation and order (the "**Stipulation**") is entered into by and among the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") and PPC Energy, LP and Priest Petroleum Corporation (collectively, the "**Movants**"), entities with pending litigation against certain of the Debtors (together, the Debtors and Movant are collectively referred to as the "**Parties**" and, each, as a "**Party**"). The Parties hereby stipulate and agree as follows:

### RECITALS

A.  **WHEREAS,** on August 17, 2021 (the "**Petition Date**"), the Debtors commenced the above-captioned voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Basic Energy Services, L.P. (1819); Basic Energy Services, Inc. (1194); C&J Well Services, Inc. (5684); KVS Transportation, Inc. (4882); Indigo Injection #3, LLC (7657); Basic Energy Services GP, LLC (1197); Basic Energy Services LP, LLC (1195); Taylor Industries, LLC (7037); SCH Disposal, L.L.C. (8335); Agua Libre Holdco LLC (3092); Agua Libre Asset Co LLC (1409); Agua Libre Midstream LLC (6701); and Basic ESA, Inc. (2279). The Debtors' headquarters and service address for the purposes of these chapter 11 cases is 801 Cherry Street, Suite 2100, Fort Worth, Texas 76102.

B.  **WHEREAS,** the Parties have agreed, subject to the approval of the Bankruptcy Court, to modify the automatic stay pursuant to section 362 of the Bankruptcy Code for the limited purpose and subject to the terms and conditions set forth below.

C.  **WHEREAS,** Scott Douglass & McConnico LLP have requested to withdraw as counsel of record for Basic Energy Services, L.P. in the Lawsuit, a motion of which is pending dated July 16, 2021.

D.  **WHEREAS,** the Parties have further agreed to the withdrawal of Scott Douglass & McConnico LLP as counsel for Basic Energy Services, L.P. in the Lawsuit, subject to approval by the 143rd Judicial District Court in Reeves County, Texas.

E.  **WHEREAS,** the Parties agree to discuss in good faith the terms of a revised Amended Agreed Level 3 Pretrial Scheduling Order (the "**Scheduling Order**") and, to the extent that such terms are agreed to by the Parties, agree to submit a new Pretrial Scheduling Order.

It is hereby **ORDERED** that the automatic stay pursuant to section 362 of the Bankruptcy Code is modified as follows:

1.  This Stipulation shall have no force or effect unless and until approved by the Bankruptcy Court (the "**Entered Date**").

2.  Upon the Entered Date, the automatic stay shall be modified solely to the extent necessary to permit the Movants to prosecute the case pending as *PPC Energy, LP and Priest Petroleum Corporation v. NGL Water Solutions Permian, LLC, et al.,* Cause No. 20-01-23355-CVR in the 143rd Judicial District Court in Reeves County, Texas (the "**Lawsuit**").

3.  The Debtors and their estates and the reorganized debtors and their estates shall not be obligated to pay any amounts owed or awarded in connection with the Lawsuit, including, but not limited to, any monetary damages, insurance deductible, self-insured retention, or attorneys'

fees and expenses. Notwithstanding the foregoing, it is expressly agreed and understood that this Stipulation will have no effect on the Debtors' obligations (if any) under the applicable pre-petition insurance policies. Nothing in this section shall be construed to prevent Movant from pursuing claims against the insurance carriers under the applicable pre-petition insurance policies related to the Lawsuit, or from collecting under the applicable pre-petition insurance policies that apply to the claims made by Movants in the Lawsuit.

4.  For the avoidance of doubt, the Movants may collect upon such settlement or final judgment (i) from any and all insurance carriers providing coverage for the Movants' claims; and/or (ii) by funds available under any and all insurance policies providing coverage for the Debtors' adjudicated liability; and/or (iii) any other insurance obligations of Debtors' insurance carriers in connection with or related to claims asserted by Movants. The Movants' collection pursuant to a final judgment is recoverable only from the applicable insurance policies of the Debtors and other third parties and not from the Debtors or their estates directly or indirectly.

5.  Nothing contained herein shall be construed as a waiver by the Debtors of their right to object to any and all proofs of claim relating to the Lawsuit or any other pending prepetition action to which one or more of the Debtors are a party that may be filed by Movants or any other party in the Debtors' chapter 11 cases.

6.  The limited relief set forth herein shall not be construed as an admission of liability by the Debtors regarding any claim or cause of action arising from or in relation to the Lawsuit or any other matter.

7.  This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

8. The undersigned who execute this Stipulation by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

9. This Stipulation shall not be modified, altered, amended, or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

10. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

Signed: _____, 2021

                        **DAVID R. JONES**
                        **UNITED STATES BANKRUPTCY JUDGE**

IN WITNESS WHEREOF, this Stipulation has been executed and delivered as of the day and year first below written.

| | |
|---|---|
| Dated:  September 10, 2021 | Dated:  September 10, 2021 |
| By:    */s/  Alfredo R. Pérez*<br>WEIL, GOTSHAL & MANGES LLP<br>Alfredo R. Pérez (15776275)<br>Stephanie N. Morrison (admitted *pro hac vice*)<br>700 Louisiana Street, Suite 1700<br>Houston, Texas  77002<br>Telephone:  (713) 546-5000<br>Facsimile:  (713) 224-9511<br>Email:   Alfredo.Perez@weil.com<br>            Stephanie.Morrison@weil.com | By:    */s/  James E. Key*<br>HARRIS, FINLEY & BOGLE, P.C.<br>James E. Key (24012958)<br>777 Main Street, Suite 1800<br>Telephone:  (817) 870-8700<br>Facsimile:  (817) 332-6121<br><br>*Attorney for the Movants* |

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock, P.C. (admitted *pro hac vice*)
Sunny Singh (admitted *pro hac vice*)
767 Fifth Avenue
New York, NY 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:   Ray.Schrock@weil.com
            Sunny.Singh@weil.com

*Proposed Attorneys for Debtors and Debtors in Possession*