IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|   |   |   |
|---|---|---|
| In re: | § § | Chapter 11 |
| BASIC ENERGY SERVICES, INC., *et al.*, | § § § § | Case No. 21-90002 (DRJ) (Jointly Administered) |
| Debtors.[1] | § | |

**STIPULATED NON-WAIVER AGREEMENT PURSUANT TO
FEDERAL RULE OF BANKRUPTCY PROCEDURE 9017 AND FEDERAL
RULE OF EVIDENCE 502(D) REGARDING MR. CARR'S INVESTIGATION**

Pursuant to Federal Rule of Bankruptcy Procedure 9017 and Federal Rule of Evidence 502(d), the Debtors; Alan J. Carr, a member of the Special Committee of the Board of Directors of Basic Energy Services, Inc. (the "Company"); and the Official Committee of Unsecured Creditors (the "UCC"), by and through their respective attorneys and subject to Court approval, have agreed to this order (the "Order") regarding the disclosure of certain documents, communications, and information that was collected, reviewed, or prepared by Ropes & Gray LLP ("Ropes") in connection with Mr. Carr's investigation into prepetition transactions and relationships among the Debtors and certain related parties (the "Investigation").

WHEREAS, on April 29, 2021 the board of directors (the "Board") of the Company appointed Mr. Carr as a member of the Board, and on May 7, 2021, the Board appointed Mr. Carr a member of the special committee (the "Special Committee");

WHEREAS, Mr. Carr engaged Ropes to serve as his legal counsel;

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Basic Energy Services, L.P. (1819); Basic Energy Services, Inc. (1194); C&J Well Services, Inc. (5684); KVS Transportation, Inc. (4882); Indigo Injection #3, LLC (7657); Basic Energy Services GP, LLC (1197); Basic Energy Services LP, LLC (1195); Taylor Industries, LLC (7037); SCH Disposal, L.L.C. (8335); Agua Libre Holdco LLC (3092); Agua Libre Asset Co LLC (1409); Agua Libre Midstream LLC (6701); and Basic ESA, Inc. (2279). The Debtors' headquarters and service address for the purposes of these chapter 11 cases is 801 Cherry Street, Suite 2100, Fort Worth, Texas 76102.

WHEREAS, on June 1, 2021, the Special Committee delegated to Mr. Carr the power and authority to, in part, "investigate any cause of action that the Company may have with respect to any transactions involving affiliates or insiders prior to the date herein";

WHEREAS, on June 15, 2021, the Board further authorized Mr. Carr to "individually and exclusively exercise the authority granted in [the June 1, 2021] resolutions, including by binding the Company with respect to such matters";

WHEREAS, on August 17, 2021, the Debtors each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, U.S.C. §§ 101-1532 (the "Bankruptcy Code");

WHEREAS, on September 9, 2021, the UCC requested certain documents and communications from the Company, including documents collected and reviewed by Ropes in the course of the Investigation;

WHEREAS, Mr. Carr, the Debtors, and the UCC wish to establish reasonable and appropriate procedures and protocols with respect to the efficient production, exchange, and treatment of documents, communications, and information;

NOW, THEREFORE, it is hereby AGREED AND ORDERED that:

1.  The disclosure, including through email correspondence, document productions, teleconferences, or otherwise, of documents and information obtained and reviewed during the Investigation (the "Investigation Information") shall constitute "Discovery Material" under the proposed *Stipulated Protective Order* [Docket No. 369] (the "Protective Order"), and, except as otherwise provided herein, the terms of the Protective Order will govern the production, exchange, and treatment of the Investigation Information.

2.  Pursuant to Rule 502(d) of the Federal Rules of Evidence, the disclosure and delivery of the Investigation Information to counsel for the UCC as provided for herein shall not

constitute or be deemed a waiver or forfeiture of any claim of attorney-client privilege, work product protection, or any other applicable privilege or protection, either in these chapter 11 cases or any other proceeding, with respect to the Investigation Information, any materials cited or relied upon in the Investigation Information, or any communications or other materials Ropes or Mr. Carr prepared, reviewed, or relied upon in connection with the Investigation Information or the Investigation.

3. Where provided in written form, the Investigation Information shall be stamped with confidentiality designations as provided in the Protective Order and shall be afforded treatment as provided therein, including but not limited to the scope of dissemination of such information. Where provided in any other form, including but not limited to teleconferences and email, the Investigation Information shall, unless otherwise agreed by the parties, be considered "Highly Confidential" and afforded the treatment for such material provided in the Protective Order.

4. By accepting disclosure of the Investigation Information as provided herein, the UCC acknowledges and agrees that it is bound by the terms of the Protective Order and this Order and has been informed by counsel to the UCC of the terms of the Protective Order and this Order.

5. The parties agree that disclosure of the Investigation Information pursuant to this Order shall not be deemed a failure to take reasonable steps to prevent the disclosure of information that is protected by the attorney-client privilege, work product protection, or any other applicable privilege or protection under Federal Rule of Evidence 502(b)(2). The UCC agrees to make a good faith effort to defend against any argument made by any other person or entity that the production of documents and communications as provided for herein constitutes a waiver of the

attorney-client privilege, work product protection, or any other applicable privilege or protection on any basis.

6. Mr. Carr, the Debtors, and the UCC shall make good faith efforts to resolve any disagreements arising from or related to this Order prior to seeking relief from the Court.

7. Mr. Carr, the UCC, and the Debtors may enforce the provisions of this Order, including that delivery of the Investigation Information as provided for in this Order shall not constitute or be deemed a waiver or forfeiture of any claim of attorney-client privilege, work product protection, or any other applicable privilege or protection.

8. This Order is supplemental to, and imposes separate obligations from, any confidentiality agreement or non-disclosure agreement among Mr. Carr, the UCC, or the Debtors. To the extent that any inconsistency arises regarding the Discovery Material, including but not limited to any inconsistency between the obligations established by this Order and the obligations established by any confidentiality agreement or non-disclosure agreement, the terms of this Order govern.

9. The Court retains exclusive jurisdiction with respect to all matters arising from or related to implementation, interpretation, and enforcement of this Order.

By:

| | |
|---|---|
| */s/ Alfredo R. Pérez* | */s/ Michael D. Warner* |
| WEIL, GOTSHAL & MANGES LLP | PACHULSKI STANG ZIEHL & JONES LLP |
| Alfredo R. Pérez (15776275) | Michael D. Warner |
| Stephanie N. Morrison (admitted *pro hac vice*) | 440 Louisiana Street, Suite 900 |
| 700 Louisiana Street, Suite 1700 | Houston, Texas 77002 |
| Houston, Texas 77002 | Telephone: (713) 691-9385 |
| Telephone: (713) 546-5000 | Facsimile: (713) 69109407 |
| Facsimile: (713) 224-9511 | Email: mwarner@pszjlaw.com |
| Email: Alfredo.Perez@weil.com | |
| Stephanie.Morrison@weil.com | Bradford J. Sandler (admitted *pro hac vice*) |
| | 919 North Market Street, 17th Floor |
| -and- | Wilmington, DE 19801 |
| | Telephone: (302) 778-6424 |
| WEIL, GOTSHAL & MANGES LLP | Facsimile: (302) 652-4400 |
| Ray C. Schrock, P.C. (admitted *pro hac vice*) | Email: bsandler@pszjlaw.com |
| Sunny Singh (admitted *pro hac vice*) | - and - |
| Jared R. Friedmann (admitted *pro hac vice*) | |
| Lauren Bernstein (admitted *pro hac vice*) | ROPES & GRAY LLP |
| 767 Fifth Avenue | Ryan Preston Dahl (admitted *pro hac vice*) |
| New York, New York 10153 | Daniel Gwen (admitted *pro hac vice*) |
| Telephone: (212) 310-8000 | Ani-Rae Lovell (admitted *pro hac vice*) |
| Facsimile: (212) 310-8007 | Kevin Liang (admitted *pro hac vice*) |
| Email: Ray.Schrock@weil.com | 1211 Avenue of the Americas |
| Sunny.Singh@weil.com | New York, New York 10036 |
| Jared.Friedmann@weil.com | Telephone: (212) 596-9000 |
| Lauren.Bernstein@weil.com | Facsimile: (212) 596-9090 |
| | ryan.dahl@ropesgray.com |
| -and- | daniel.gwen@ropesgray.com |
| | ani-rae.lovell@ropesgray.com |
| WEIL, GOTSHAL & MANGES LLP | kevin.liang@ropesgray.com |
| Paul R. Genender (00790758) | |
| Jake R. Rutherford (24102439) | Matthew L. McGinnis (admitted *pro hac vice*) |
| 200 Crescent Court, Suite 300 | William L. Roberts (admitted *pro hac vice*) |
| Dallas, Texas 75201 | Prudential Tower, 800 Boylston Street |
| Telephone: (214) 746-7877 | Boston, MA 02199-3600 |
| Facsimile: (214) 746-7777 | Telephone: (617) 951-7000 |
| Email: Paul.Genender@weil.com | Facsimile: (617) 951-7050 |
| Jake.Rutherford@weil.com | rob.roberts@ropesgray.com |
| | matthew.mcginnis@ropesgray.com |
| *Attorneys for Debtors* | |
| *and Debtors in Possession* | *Counsel to Alan Carr, a member of the Special Committee of the Board of Directors of Basic Energy Services, Inc.* |

*/s/ Robert J. Stark*
BROWN RUDNICK LLP
Robert J. Stark (admitted pro hac vice)
Bennett S. Silverberg (admitted pro hac vice)
Michael S. Winograd (admitted pro hac vice)
Kenneth J. Aulet (admitted pro hac vice)
Andrew M. Carty (admitted pro hac vice)
Seven Times Square
New York, NY 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801
Email: rstark@brownrudnick.com
   bsilverberg@brownrudnick.com
   mwinograd@brownrudnick.com
   kaulet@brownrudnick.com
   acarty@brownrudnick.com

-and-

SNOW & GREEN LLP
Phil Snow (State Bar No. 18812600)
Kenneth Green (State Bar No. 24036677)
Bryan Prentice (State Bar No. 24099787)
P.O. Box 549
22255 Roberts Cemetery Rd.
Hockley, TX 77447
Telephone: 713-335-4800
Facsimile: 713-335-4848
Email: phil@snow-green.com
   ken@snow-green.com
   bryan@snow-green.com

*Proposed Counsel for the Official Committee of Unsecured Creditor*s

SO ORDERED:

Dated: _____, 2021
       Houston, Texas                      THE HONORABLE DAVID R. JONES
                                              UNITED STATES BANKRUPTCY JUDGE