UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

----------------------------------------------------------------x
                                :

**In re**                      :         **Chapter 11**
                                  :

**BASIC ENERGY SERVICES, INC.,** *et al.*[1],    :        **Case No. 21-90002 (DRJ)**
                                  :
                                  :        **(Jointly Administered)**

             **Debtors.**          :
----------------------------------------------------------------x

**DEBTORS' APPLICATION
FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF PACHULSKI STANG ZIEHL & JONES LLP AS TEXAS AND
CONFLICTS COUNSEL TO ALAN J. CARR, INDEPENDENT DIRECTOR OF THE
SPECIAL COMMITTEE OF THE BOARD OF DIRECTORS OF BASIC ENERGY
SERVICES, INC., EFFECTIVE AS OF AUGUST 20, 2021**

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Basic Energy Services, Inc., and its debtor affiliates in the above captioned chapter 11 cases (collectively, the "Debtors") hereby submit this application (the "Application") for the entry of an order, pursuant to sections 327, 328, and 330 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Basic Energy Services, L.P. (1819); Basic Energy Services, Inc. (1194); C&J Well Services, Inc. (5684); KVS Transportation, Inc. (4882); Indigo Injection #3, LLC (7657); Basic Energy Services GP, LLC (1197); Basic Energy Services LP, LLC (1195); Taylor Industries, LLC (7037); SCH Disposal, L.L.C. (8335); Agua Libre Holdco LLC (3092); Agua Libre Asset Co LLC (1409); Agua Libre Midstream LLC (6701); and Basic ESA, Inc. (2279). The Debtors' headquarters and service address for the purposes of these chapter 11 cases is 801 Cherry Street, Suite 2100, Fort Worth, Texas 76102.

(the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules"), authorizing and approving the employment of Pachulski Stang Ziehl & Jones LLP ("PSZJ" or the "Firm") as counsel to Alan J. Carr, as Independent Director (the "Independent Director") of the Special Committee (the "Special Committee") of the Board of Directors (the "Board") of Basic Energy Services, Inc. in connection with the Debtors' jointly-administered chapter 11 cases, effective as of August 20, 2021.  In support of the Application, the Debtors submit the declaration of Bradford J. Sandler (the "Sandler Declaration"), a partner of the Firm, attached hereto as **Exhibit A** and incorporated herein by reference.  In further support of the Application, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief requested herein are sections 327, 328, and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1.

## BACKGROUND

4.      On August 17, 2021 (the "Petition Date"), each of the Debtors filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these cases.

5.    On August 27, 2021, the Office of the United States Trustee appointed the following general unsecured creditors the Official Committee of Unsecured Creditors pursuant to section 1102 of the Bankruptcy Code (i) Workday, Inc.; (ii) Invoke Tax Partners, Inc.; (iii) Schledewitz Trucking; (iv) CERTEX USA, Inc.; and (v) Baker Hughes Company.  *See* Docket No. 217.

6.    The Board of Basic Energy Services, Inc. adopted a resolution to increase the size of the Board by one seat and resolved that the newly created directorship shall be apportioned as a Class III director position and appointed Alan J. Carr to the Board and to the Special Committee, effective May 3, 2021.  The Independent Director was granted the exclusive authority to investigate, evaluate, and control the disposition or resolution of any claims that Basic Energy Services, Inc. may have arising from any prepetition transactions involving affiliates or insiders (the "Investigation").  In addition, Independent Director was granted exclusive authority to retain professionals for advice or assistance in conducting the Investigation.  On August 16, 2021, the governing body of each of Basic Energy Services, Inc.'s subsidiaries, each a Debtor in these chapter 11 cases, adopted similar resolutions authorizing and empowering the Independent Director to individually and exclusively exercise the same foregoing authority at each subsidiary.

7.    The Firm's retention is requested as of August 20, 2021 insofar as that is the date the Independent Director first requested PSZJ to render legal services on behalf of the Independent Director, and the Firm began actively advising the Independent Director on that date.

8.      The Firm has approximately 70 attorneys with a practice concentrated on corporate reorganizations, bankruptcy, litigation, and commercial matters.  The Firm's attorneys have comprehensive experience representing creditors' committees, debtors, creditors, trustees, and others in a wide variety of bankruptcy cases.   Attorneys of the Firm have extensive experience representing Debtors and creditors' committees in complex chapter 11 cases in Texas including in front of Judge Jones, and throughout the country, including: *Limetree Bay Services Neiman Marcus Group, Whiting Petroleum, Ignite Restaurants, Tailored Brands*, *Cobalt Energy, Erin Energy, Spherature Investments, Studio Movie Grill, Rita Restaurants,* and *Reddy Ice*. Based on these facts, the Debtors believe that the Firm is well-qualified to render the services described below.

## **RELIEF REQUESTED**

9.      By this Application, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto, pursuant to sections 327, 328, and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, authorizing the Debtors to employ and retain the Firm as bankruptcy counsel to the Independent Director in these chapter 11 cases effective as of August 20, 2021, the date upon which the Firm began providing services to and advising the Independent Director.

10.      The Debtors request authority to retain the Firm to continue to provide such legal services as are necessary and requested by the Independent Director in connection with his duties to the Special Committee in conducting the Investigation in accordance with the terms and conditions set forth in that certain engagement letter between the Independent Director and PSZJ (the "Engagement Letter"), attached hereto as **Exhibit B** and incorporated herein by reference.

11.     The Court also has discretion to issue an order approving the employment of an estate professional *nunc pro tunc*. *See In re Triangle Chemicals, Inc.*, 697 F.2d 1280, 1288-89 (5th Cir. 1983); Local Rule 2014-1(b). The employment of PSZJ effective as of August 20, 2021 is warranted under the circumstances of these chapter 11 cases. More specifically, PSZJ has been providing valuable services in support of the Investigation since entering into the Engagement Letter on August 20, 2021, and has operated with the expectation that its retention would be approved by the Bankruptcy Court effective from that date.  PSZJ has provided, and will continue to provide, valuable services to the Independent Director in connection with the Investigation.  To the best of the Debtors' knowledge, approval of this Application will not prejudice any parties in interest because, among other things, the services provided by PSZJ have already assisted, and will continue to assist, the Independent in the ongoing Investigation.

12.     The Debtors believe that such retention is appropriate in these chapter 11 cases because the Independent Director required effective representation immediately upon the filing of the Debtors' cases, and the Firm has been providing services to the Independent Director since August 20, 2021.

## SERVICES TO BE RENDERED

13.     Subject to further order of this Court, the Firm is expected to render, among other services, the following services to the Independent Director:   Assisting, advising, and representing the Independent Director in his Investigation, and assisting the Independent Director and his advisors on any matter in which they may have a conflict, as set forth in the Engagement Letter.

## NO ADVERSE INTEREST OF PROFESSIONALS

14.     To the best of the Debtors' knowledge, and based upon the Sandler Declaration attached hereto, neither the Firm nor any of its attorneys have any connection with any party in interest, their attorneys or accountants, other than as set forth in the Sandler Declaration.

15.     To the best of the Debtors' knowledge, except as provided in the Sandler Declaration, neither the Firm, nor any of its attorneys represent any interest adverse to that of the Independent Director in the matters on which they are to be retained.

16.     While the Firm has undertaken, and continues to undertake, efforts to identify connections with the Debtors and other parties in interest, it is possible that connections with some parties in interest have not yet been identified.  Should the Firm, through its continuing efforts or as these cases progress, learn of any new connections of the nature described above, the Firm will promptly file supplemental declarations, as required by Bankruptcy Rule 2014(a).

17.     The Firm represents many debtors and committees in other bankruptcy cases, and those debtors, the members of those committees, or those estates may be creditors of the Debtors. However, the Firm will not represent any those debtors, committees, or their members with respect to any claims that they may have collectively or individually against the Debtors.

## PROFESSIONAL COMPENSATION

18.     Subject to Court approval and in accordance with section 330(a) of the Bankruptcy Code and any applicable orders of this Court, compensation will be payable to PSZJ on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by PSZJ as set forth in the Engagement Letter (the "Fee and Expense Structure").  The Firm's current standard hourly rates are:

|  |  |
|---|---|
| **Partners** | $845.00 - $1,695.00 per hour |
| **Of Counsel** | $695.00 - $1,275.00 per hour |

| | |
|---|---|
| **Associates** | $695.00 - $750.00 per hour |
| **Paraprofessionals** | $425.00 - $460.00 per hour |

19.     The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.

20.     The hourly rates set forth above are PSZJ's standard hourly rates for work of this nature.  These rates are set at a level designed to fairly compensate PSZJ for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.  It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case.  The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime.  The Firm will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients and within the guidelines set forth in Local Rule 2014-1 and 2016-1, and all amendments and supplemental standing orders of the Court.  PSZJ believes that it is more appropriate to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

21.     The Debtors understand that PSZJ intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these chapter 11 cases consistent with the Fee and Expense Structure, subject to this Court's approval and in compliance with applicable provisions of the Bankruptcy Code, including sections 330

and 331, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of this Court.

22.     The Fee and Expense Structure is consistent with and typical of compensation arrangements entered into PSZJ and other comparable firms that render similar services under similar circumstances. The Debtors believe that the Fee and Expense Structure is reasonable, market-based, and designed to compensate PSZJ fairly for its work and to cover fixed and routine overhead expenses.

23.     The Firm has not received any retainer or payment in connection with this engagement, including from the Debtors, the Special Committee, or the Independent Director.

## NOTICE

24.     Notice of this Application will be served upon any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Local Rule 9013-1(d). In light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

25.     No previous request for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, the Debtors respectfully request the entry of an order, substantially in the form attached hereto, authorizing the Debtors to employ and retain PSZJ as Texas and conflicts counsel to the Independent Director effective as of August 20, 2021, and granting such other and further relief as is just and proper.

Dated: September 30, 2021

*/s/ Alan Carr*

Alan Carr, solely in his capacity as Independent Director of the Debtors and not in any other individual or other capacity.

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2021, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Michael D. Warner*
Michael D. Warner