**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| In re: | § | **Chapter 11** |
| | § | |
| **BASIC ENERGY** | § | **Case No. 21-90002 (DRJ)** |
| **SERVICES, INC.,** *et al.,* | § | |
| | § | **(Jointly Administered)** |
| Debtors.[1] | § | |

**STIPULATION AND ORDER GRANTING
LIMITED RELIEF FROM THE AUTOMATIC STAY
REGARDING ROGER COLE PERSONAL INJURY LITIGATION**

This stipulation and order (the "**Stipulation**") is entered into by and among the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") and Roger Cole (the "**Movant**"), an individual with pending personal injury litigation against certain of the Debtors (together, the Debtors and Movant are collectively referred to as the "**Parties**," and each as a "**Party**"). The Parties hereby stipulate and agree as follows:

**RECITALS**

A.     **WHEREAS,** on April 23, 2021, Movant filed a Complaint in Movant's negligence action against C&J Well Services, Inc., C&J Well Services, Inc. d/b/a C&J Energy Services, C&J Energy Services, Inc., NexTier Oilfield Solutions, Inc. f/k/a C&J Energy Services, Inc., NexTier Completion Solutions, Inc., Basic Energy Services, Inc. d/b/a BES Holdings Co., Basic Energy Services, L.P., Basic Energy Services GP, LLC and Genaro Gonzales, in Cause No. 2021-24324;

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Basic Energy Services, L.P. (1819); Basic Energy Services, Inc. (1194); C&J Well Services, Inc. (5684); KVS Transportation, Inc. (4882); Indigo Injection #3, LLC (7657); Basic Energy Services GP, LLC (1197); Basic Energy Services LP, LLC (1195); Taylor Industries, LLC (7037); SCH Disposal, L.L.C. (8335); Agua Libre Holdco LLC (3092); Agua Libre Asset Co LLC (1409); Agua Libre Midstream LLC (6701); and Basic ESA, Inc. (2279).  The Debtors' headquarters and service address for the purposes of these chapter 11 cases is 801 Cherry Street, Suite 2100, Fort Worth, Texas 76102.

styled *Roger Cole v. C&J Well Services, Inc. et al.*, in the 270th Judicial District of Harris County, Texas (the "**State Court Action**") to recover damages arising vehicle collision (the "**Accident**") that resulted in injuries to Movant; and

      B.      **WHEREAS,** on August 17, 2021 (the "**Petition Date**"), the Debtors commenced the above-captioned voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**"); and

      C.      **WHEREAS,** the Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas; and

      D.      **WHEREAS,** the Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code; and

      E.      **WHEREAS,**  the Debtors maintained, or caused to be maintained, insurance coverage for the type of claims asserted by Movant in the State Court Action, and similar claims, through a series of insurance policies (individually, a "**Policy**" and, collectively, the "**Policies**") including, without limitation, a $1,000,000 automobile liability policy (the "**Primary Policy**") issued by Liberty Mutual Fire insurance Co., and additional excess liability policies; and

      F.      **WHEREAS,** upon the commencement of the Debtors' chapter 11 cases, the State Court Action was stayed automatically pursuant to section 362 of the Bankruptcy Code (the "**Stay**") and a notice of the Debtors' bankruptcy filing was filed in the State Court Action on August 25, 2021; and

G.      **WHEREAS,** the Parties have agreed, subject to the approval of the Bankruptcy Court, to modify the Stay for the limited purpose and subject to the terms and conditions set forth below.

It is hereby **ORDERED** that the automatic stay pursuant to section 362 of the Bankruptcy Code is modified as follows:

1.      The foregoing recitals are hereby incorporated by reference into this Stipulation with the same force and effect as if set forth fully hereinafter.

2.      This Stipulation shall have no force or effect unless and until approved by the Bankruptcy Court (the "**Effective Date**").

3.      Upon the Effective Date, the automatic stay shall be modified solely to the extent necessary to permit Movant to prosecute the State Court Action to a final judgment (the "**Judgment**") or to allow for settlement of the State Court Action (the "**Settlement**").  All parties may prosecute and defend any related appeals from a Judgment entered in the State Court Action.

4.      For the avoidance of doubt, the Movant may collect upon any Settlement or Judgment in the State Court Action (i) from any and all Policies issued by insurance carriers providing coverage for the Movant's claims (collectively, the "**Insurers**"); and/or (ii) by funds available under any and all such applicable Policies.  The Movant's collection pursuant to a Judgment or Settlement is recoverable only from the applicable Policies of the Debtors (to the extent coverage is otherwise afforded) and other third parties and not from the Debtors or their estates.

5.      The Debtors and their estates, including any successor or assigns, shall not be obligated to pay directly to the Movant any amounts owed or awarded in connection with the State

Court Action, including, but not limited to, any monetary damages and attorneys' fees and expenses.  Nothing in this section shall be construed to prevent Movant from either: (i) taking any actions against the insurance carriers in pursuit of collection of any amounts owed or awarded in connection with the State Court Action; or (ii) from collecting under the Policies that apply to the claims made by Movant in the State Court Action.

6.       Nothing herein (i) alters, amends or otherwise modifies the terms and conditions of the Policies, of any related agreements, or the relief provided in the *Final Order (I) Authorizing Debtors To (A) Continue Insurance Programs and Surety Bond Program and (B) Pay All Postpetition Obligations With Respect Thereto; (II) Modifying The Automatic Stay With Respect To The Workers' Compensation Program; and (III) Granting Related Relief* (ECF No. 341); (ii) creates or modifies Movant's right, if any, to bring a direct right of action against any of the Insurers; (iii) precludes or limits, in any way, the rights of any Insurer to contest and/or litigate the existence, primacy and/or scope of available coverage under any allegedly applicable Policy, or to otherwise assert any defenses to coverage; (iv) requires any Policies excess to the SIR to "dropdown" or become obligated to pay the SIR; or (v) constitutes a determination or admission that coverage exists under any Policy with respect to Movant's claims.  For the avoidance of doubt, the Stay is lifted, if and to the extent applicable, to allow, but not to require, the Insurers and third party administrators to administer, handle, defend, settle, and/or pay Movant's claims (and any costs related thereto) subject to and in accordance with the terms of any applicable Policy, any related agreements, or any claim services agreements.

7.       Movant agrees to waive his Proof of Claim against the Debtors in the Chapter 11 cases; ***provided*** that such waiver by Movant shall have no effect on his right to pursue his claims in the State Court Action to Judgment or Settlement and to pursue collection under the Policies or from third parties.

8.     The Debtors' claims agent may modify the claims register in accordance with this Stipulation without any further order of the Court.

9.     Except as otherwise provided in this Stipulation, no Party and no Insurer is waiving nor will be deemed to have waived any available claims or defenses, including at law, equity, or otherwise with respect to the Accident alleged in the State Court Action.

10.     Nothing contained in this Stipulation shall be deemed a waiver of the rights or remedies of Movant or any Insurer with respect to any applicable insurance coverage.

11.     Nothing contained herein shall be construed as an admission of liability or availability of coverage under any of the Policies by the Debtors or any Insurer regarding any claims or causes of action arising from or in relation to the State Court Action, Judgment, Settlement, or any other matter.

12.     Nothing contained herein shall be construed as a waiver by the Debtors of their right to object to any and all proofs of claim or any other pending prepetition action to which one or more of the Debtors are a party that may be filed by Movant or any other party in the Debtors' chapter 11 cases.

13.     Nothing in this Stipulation or the relief sought herein shall constitute or be deemed: (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) an agreement or obligation to pay any claims, (v) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (vi) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.

14.     The modification of the Stay set forth in this Stipulation shall have no effect as to parties that are not a Party to this Stipulation, except as provided in this Stipulation, and the Stay shall remain in full force and effect with respect to such parties and their claims or causes of action, if any, against the Debtors, their estates, their property, and insurance policies.

15.     This Stipulation shall constitute the entire agreement and understanding of the Parties relating to the subject matter hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

16.     The undersigned who executes this Stipulation by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

17.     This Stipulation shall not be modified, altered, amended, or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court. No statement made or action taken in the negotiation of this Stipulation may be used by any Party for any purpose whatsoever.

18.     The Court shall retain exclusive jurisdiction to hear any matters or disputes arising from or relating to this Stipulation. Any request for relief brought before the Court to resolve a dispute arising from or related to this Stipulation, and the matters agreed to by the Parties, shall be brought on proper notice and in accordance with the relevant Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of Texas.

Signed: _____, 2021

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

IN WITNESS WHEREOF, this Stipulation has been executed and delivered as of the day and year first below written.

Dated:  October 21, 2021

By:    /s/  Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
Stephanie N. Morrison (admitted *pro hac vice*)
700 Louisiana Street, Suite 1700
Houston, Texas  77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511
Email:   Alfredo.Perez@weil.com
             Stephanie.Morrison@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock, P.C. (admitted *pro hac vice*)
Sunny Singh (admitted *pro hac vice*)
767 Fifth Avenue
New York, NY 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:   Ray.Schrock@weil.com
             Sunny.Singh@weil.com

*Attorneys for Debtors and Debtors in Possession*

Dated:  October 21, 2021

By:    /s/  Thomas Moss
DANIELS & TREDENNICK PLLC
Thomas Moss (24090282)
6363 Woodway Drive, Suite 700
Houston, Texas 77057
Telephone:  (713) 917-0024
Facsimile:  (713) 917-0026
Email: Thomas.Moss@dtlawyers.com

*Attorney for the Movant*