United States Bankruptcy Court
Southern District of Texas
**ENTERED**
October 25, 2021
Nathan Ochsner, Clerk

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

---------------------------------------------------------------x
                                           :

| | |
|---|---|
| In re | Chapter 11 |
| BASIC ENERGY SERVICES, INC., *et al.*[1], | Case No. 21-90002 (DRJ) |
| | (Jointly Administered) |
| Debtors. | |

---------------------------------------------------------------x

**ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF
PACHULSKI STANG ZIEHL & JONES LLP AS TEXAS AND CONFLICTS COUNSEL
TO ALAN J. CARR, INDEPENDENT DIRECTOR EFFECTIVE AS OF AUGUST 20,
2021**

(Related Docket No. 459)

Upon consideration of the *Debtors' Application For Entry Of An Order Authorizing The Retention And Employment Of Pachulski Stang Ziehl & Jones LLP As Texas And Conflicts Counsel To Alan J. Carr, Independent Director Of The Special Committee Of The Board Of Directors Of Basic Energy Services, Inc., Effective As Of August 20, 2021* [Docket No. 459] (the "Application"),[2] pursuant to sections 327, 328, and 330 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules"), for an order authorizing and approving the retention and employment of Pachulski Stang Ziehl & Jones LLP ("PSZJ") as counsel for Alan J. Carr, the Independent Director of the Special Committee of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Basic Energy Services, L.P. (1819); Basic Energy Services, Inc. (1194); C&J Well Services, Inc. (5684); KVS Transportation, Inc. (4882); Indigo Injection #3, LLC (7657); Basic Energy Services GP, LLC (1197); Basic Energy Services LP, LLC (1195); Taylor Industries, LLC (7037); SCH Disposal, L.L.C. (8335); Agua Libre Holdco LLC (3092); Agua Libre Asset Co LLC (1409); Agua Libre Midstream LLC (6701); and Basic ESA, Inc. (2279). The Debtors' headquarters and service address for the purposes of these chapter 11 cases is 801 Cherry Street, Suite 2100, Fort Worth, Texas 76102.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

the Board of Directors of Basic Energy Services, Inc., one of the above-captioned debtors and debtors in possession (collectively, the "Debtors") in these chapter 11 cases; and upon consideration of the declaration of Bradford J. Sandler (the "Sandler Declaration") in support of the Application filed by the Debtors; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Debtors having provided adequate and appropriate notice of the Application under the circumstances; and after due deliberation and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1. The Application is **GRANTED**, to the extent set forth herein.

2. The Debtors are authorized, pursuant to sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1, to retain and employ PSZJ as Texas and conflicts counsel to the Independent Director effective August 20, 2021, as set forth in this Order.

3. PSZJ shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' cases as set forth in the Application and Sandler Declaration, and in compliance with sections 330 and 331 of the Bankruptcy Code and any other applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable procedures and orders of this Court. For billing purposes, PSZJ shall keep its time in one tenth (1/10) hour increments.

4. Notwithstanding anything to the contrary in the Application or the Sandler Declaration attached to the Application, PSZJ shall not be entitled to reimbursement for fees and expenses in connection with any objection to its fees, without further order of the Court.

5. PSZJ shall provide ten-business-days' notice to the Debtors, any official committee in these chapter 11 cases, and the U.S. Trustee before any increases in the rates set forth in the Application are implemented and shall file such notice with the Court.  The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

6. The Debtors and PSZJ are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

7. Notwithstanding anything to the contrary in the Application or the Sandler Declaration, PSZJ shall not be entitled to reimbursement for fees and expenses in connection with the defense of any objection to its fees.

8. PSZJ shall use its reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

9. PSZJ will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, PSZJ will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

10. To the extent the Application or the Sandler Declaration is inconsistent with this Order, the terms of this Order shall govern.

3

11. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

**Signed:  October 25, 2021.**

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**