IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| BASIC ENERGY SERVICES, INC., *et al.*, | § § § § | Case No. 21-90002 (DRJ) |
| | § § | (Jointly Administered) |
| Debtors.[1] | § | (Related to ECF No. 606) |

**NOTICE OF EMERGENCY MOTION OF DEBTORS FOR ENTRY
OF AN ORDER (I) (A) APPROVING GLOBAL SETTLEMENT
PURSUANT TO BANKRUPTCY RULE 9019; (B) AUTHORIZING FINAL
RESOLUTION OF DEBTORS' CHAPTER 11 CASES; AND (C) GRANTING
RELATED RELIEF; OR, IN THE ALTERNATIVE (II) CONVERTING
THE DEBTORS' CHAPTER 11 CASES TO CHAPTER 7 CASES**

> **EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN 10:00 A.M. (PREVAILING CENTRAL TIME) ON NOVEMBER 5, 2021.**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**
>
> **A HEARING WILL BE CONDUCTED ON THIS MATTER ON NOVEMBER 5, 2021 AT 10:00 A.M. (PREVAILING CENTRAL TIME) IN COURTROOM 400, 4TH FLOOR, 515 RUSK AVENUE, HOUSTON, TX 77002.**
>
> **PARTICIPATION AT THE HEARING WILL ONLY BE PERMITTED BY AN AUDIO AND VIDEO CONNECTION.**
>
> **AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT 832-917-1510. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Basic Energy Services, L.P. (1819); Basic Energy Services, Inc. (1194); C&J Well Services, Inc. (5684); KVS Transportation, Inc. (4882); Indigo Injection #3, LLC (7657); Basic Energy Services GP, LLC (1197); Basic Energy Services LP, LLC (1195); Taylor Industries, LLC (7037); SCH Disposal, L.L.C. (8335); Agua Libre Holdco LLC (3092); Agua Libre Asset Co LLC (1409); Agua Libre Midstream LLC (6701); and Basic ESA, Inc. (2279). The Debtors' headquarters and service address for the purposes of these chapter 11 cases is 801 Cherry Street, Suite 2100, Fort Worth, Texas 76102.

> **NUMBER. JUDGE JONES' CONFERENCE ROOM NUMBER IS 205691. VIDEO COMMUNICATION WILL BE BY USE OF THE GOTOMEETING PLATFORM. CONNECT VIA THE FREE GOTOMEETING APPLICATION OR CLICK THE LINK ON JUDGE JONES' HOME PAGE. THE MEETING CODE IS "JUDGEJONES". CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**
>
> **HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF BOTH ELECTRONIC AND IN-PERSON HEARINGS. TO MAKE YOUR APPEARANCE, CLICK THE "ELECTRONIC APPEARANCE" LINK ON JUDGE JONES' HOME PAGE. SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**

**PLEASE TAKE NOTICE** that:

1. A hearing on the *Emergency Motion of Debtors for Entry of an Order (I) (A) Approving Global Settlement Pursuant to Bankruptcy Rule 9019; (B) Authorizing Final Resolution of Debtors' Chapter 11 Chapter 11 Cases; and (C) Granting Related Relief; or, in the Alternative (II) Converting the Debtors' Chapter 11 Cases to Chapter 7*, filed on **October 31, 2021** (ECF No. 606) (the "**Motion**")[2] by Basic Energy Services, Inc. ("**Basic**") and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (the "**Proposed Order**") approving (i) (a) a global settlement (the "**Global Settlement**"), (b) certain case resolution procedures for an orderly conclusion to these chapter 11 cases, including distributing remaining assets to creditors and dismissal of these chapter 11 cases (the "**Case Resolution Procedures**"), and (c) granting related relief; or, in the alternative, an order (ii) converting each of these chapter 11 cases to cases under chapter (the "**Alternative Order**"), all as more fully described in the Motion, will be held virtually before the Honorable David R. Jones in the United States Bankruptcy Court for the Southern District of Texas, located at 515 Rusk Avenue, Houston, TX 77002 (the "**Bankruptcy Court**"), on **November 5, 2021 at 10:00 a.m. (prevailing Central Time)** (the "**Hearing**"). <u>**A summary of the key terms of the Case Resolution Procedures is attached hereto as Schedule 1**</u>.

2. Specifically, the Global Settlement provides, among other things:

    - The consolidation of all remaining assets of the Debtors' estates in the main case, with the remaining administration of the Debtors' estates to be managed by a newly appointed wind down director who will replace the existing board. Basic's chapter 11 case will continue and remain subject to supervision of the Court;

    - A pool of $1.5 million from the proceeds of Prepetition Secured Notes Collateral for distributions to administrative creditors, $250,000 of which

---

[2] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

2

will be funded immediately and an additional $1.25 million will be reserved from Future Proceeds (as defined below);

- A pool of $1.5 million from the proceeds of Prepetition Secured Notes Collateral for prepetition general unsecured creditors, $250,000 of which will be funded immediately plus an additional $1.25 million will be reserved from Future Proceeds;

- Satisfaction in full of secured tax claims that benefit from senior tax liens as well as the Debtors' portion of 2021 taxes that are required to be paid under the Court-approved asset purchase agreements (the "**Asset Purchase Agreements**"), which the Debtors estimate at $4.7 million;

- Full payments of any unpaid employee health and welfare claims up to $2.5 million from the proceeds of Prepetition Secured Notes Collateral, $2 million of which will be funded immediately with an additional $500,000 to be funded from Future Proceeds;

- The appointment of a wind down representative and establishment of a wind down reserve of $1.5 million from the proceeds of Prepetition Secured Notes Collateral to administer remaining claims and assets of the Debtors' estates, $1.25 million of which will be funded immediately plus an additional $250,000 will be reserved from Future Proceeds; and

- An immediate interim cash distribution to Prepetition Secured Noteholders of the current cash proceeds of Prepetition Secured Notes Collateral less various reserves described below plus future distributions of cash proceeds of Prepetition Secured Notes Collateral so long as cash on hand after such distribution exceeds $1 million; *provided*, *that*, the portion of such distributions on account of Prepetition Secured Notes held by Ascribe (as defined below) shall be held in a disputed claim reserve.

The estimated amount of the interim distribution to Prepetition Secured Noteholders is approximately $12 million.

3. To be clear, the aforementioned payments proposed to be made under the Global Settlement are carve-outs from Prepetition Secured Notes Collateral and incremental to any other recoveries to which junior creditors may be entitled. To the extent parties have other rights, including rights to assert claims or liens against third parties, or to recover value from the Debtors' assets that were unencumbered on the Petition Date (the "**Unencumbered Collateral**"), such rights are not affected by the Global Settlement and are fully preserved, but remain subject to the Final DIP Order.[3] Further, with respect to distributions of previously unencumbered collateral or proceeds thereof, the Debtor and

---

[3] Under the Final DIP Order, the Prepetition Secured Notes Secured Parties were granted adequate protection liens on Unencumbered Collateral to the extent of any diminution in value.

3

      Wind Down Director will be subject to the distribution scheme under the Bankruptcy Code and under the supervision and jurisdiction of the Court.

4. Pursuant to the terms of the Global Settlement, to the extent the Court denies approval of the Global Settlement and the Case Resolution Procedures, the Debtors request conversion under section 1112(a) of the Bankruptcy Code to chapter 7.

5. **If you do not object to the approval of the Motion or the treatment of your claim (if applicable), you do <u>not</u> need to do anything**. Your failure to respond will be deemed to be a "no-objection" to the Motion and the Case Resolution Procedures. **<u>You may wish to consult legal counsel.</u>** If you choose to object to the Motion, you must either (i) appear at the Hearing or (ii) file a written objection, which conforms to the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of Texas, with the Bankruptcy Court, so as to be filed no later than **November 5, 2021 at 10:00 a.m. (prevailing Central Time)** (the "**Objection Deadline**").

   **If you do not appear at the hearing or if an objection to the Motion is not filed by the Objection Deadline, the Court may enter an order granting the relief sought.**

6. Copies of the Motion, Order, Alternative Order, or related documents may be obtained free of charge at the website dedicated to the Debtors' chapter 11 cases maintained by their claims and noticing agent and administrative advisor, Prime Clerk LLC, located at https://cases.primeclerk.com/basicenergy.

Dated: November 1, 2021
       Houston, Texas

Respectfully submitted,

  _[s]  Alfredo R. Pérez_

| | |
|---|---|
| WEIL, GOTSHAL & MANGES LLP | WEIL, GOTSHAL & MANGES LLP |
| Alfredo R. Pérez (15776275) | Ray C. Schrock, P.C. (admitted *pro hac vice*) |
| Stephanie N. Morrison (admitted *pro hac vice*) | Sunny Singh (admitted *pro hac vice*) |
| 700 Louisiana Street, Suite 1700 | 767 Fifth Avenue |
| Houston, Texas 77002 | New York, New York 10153 |
| Telephone: (713) 546-5000 | Telephone: (212) 310-8000 |
| Facsimile: (713) 224-9511 | Facsimile: (212) 310-8007 |
| Email:   Alfredo.Perez@weil.com | Email:   Ray.Schrock@weil.com |
|           Stephanie.Morrison@weil.com |           Sunny.Singh@weil.com |
| *Attorneys for Debtors and Debtors in Possession* | *Attorneys for Debtors and Debtors in Possession* |

**Certificate of Service**

I hereby certify that on November 1, 2021, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                        */s/  Alfredo R. Pérez*
                                                        Alfredo R. Pérez

**Schedule 1**
**Summary of Case Resolution Procedures**[4]

| | |
|---|---|
| **Releases** | - The Proposed Order provides the following release provisions:<br><br>**Subject to subsection (vi) of this paragraph, as of the Dismissal Date, except for the rights that remain in effect from and after the Dismissal Date to enforce this Order and the Global Settlement, for good and valuable consideration, the adequacy of which is hereby confirmed, the Released Parties (defined below) shall be deemed forever released and discharged, to the maximum extent permitted by law, by the Releasing Parties (defined below), from any and all Claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, remedies, losses, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of any of the other Releasing Parties, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that a Releasing Party would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any claim or interest or other Person, based on or relating to, or in any manner arising prior to the Dismissal Date , in whole or in part, the Debtors, the Chapter 11 Cases, the pre- and postpetition marketing and sale process, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in this Order, the business or contractual arrangements between any of the Debtors and any Released Party, the restructuring of any claim or interest before or during the Chapter 11 Cases, the DIP Financing, the Asset Purchase Agreements, the resolution and dismissal of these Chapter 11 Cases, including but not limited to the negotiation, formulation, preparation, dissemination, approval, of the Global Settlement Agreement, the Motion and this Order and the transactions in furtherance of any of the foregoing, and the negotiation, formulation, or preparation thereof, or any other act or omission, in all cases based upon any act or omission, transaction, agreement, event or other occurrence taking place on or before the Dismissal Date;** *provided*, **that (a) nothing in herein shall be construed to release any Released Party from gross negligence, willful misconduct, or intentional fraud as determined by a Final Order and (b) each member of the Ad Hoc Group shall not be deemed to release** |

---

[4] Capitalized terms used but not defined herein shall have the meanings ascribed in the Motion, First Day Declaration, or the Final DIP Order, as applicable. To the extent there is any inconsistency between this summary and the Motion or Proposed Order, the Motion or the Proposed Order controls, as applicable.

| | |
|---|---|
| | any direct claims it may have related to any UCC-1s for the Prepetition Secured Notes or the Additional Prepetition Secured Note; *provided further* that each Debtor agrees to be a nominal party if necessary or appropriate in connection with prosecuting any action relating to any such direct claims referenced in the foregoing paragraph (b). The Releasing Parties shall be permanently enjoined from prosecuting any of the foregoing claims or causes of action released under this paragraph against each Released Party.<br><br>"**Released Party**" shall mean collectively, the: (a) Debtors; (b) each member of the Ad Hoc Group; (c) the Creditors' Committee and each of its members in their capacity as such; (d) and each of their Related Parties; *provided*, that the term Released Party, Exculpated Party and Related Parties shall not include (y) Ascribe III Investments LLC, any of its predecessors, successors and assigns, subsidiaries, affiliates, managed accounts or funds, or (z) any of their Related Persons.<br><br>"**Related Party**" shall mean, with respect to any Released Party or Exculpated Party, such entities' (a) predecessors, successors and assigns, subsidiaries, affiliates, managed accounts or funds, and (b) all of their respective current officers, directors, principals, members, partners, employees, agents, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, managed companies, fund advisors and other professionals (collectively, all persons or entities identified in this clause (b) shall be referred to as the "**Related Persons**"). A "Related Party" shall include any officer, director or employee of the Debtors who served in such capacity immediately prior to the closing of the Sale Transactions.<br><br>"**Releasing Party**" shall mean collectively, the: (a) Debtors and their estates; (b) each member of the Ad Hoc Group; (c) the Creditors' Committee; (d) and each of their successors and assigns and any party or person acting by or on behalf of any Releasing Party.<br><br>Ascribe, and any of its Related Parties or Related Persons, shall not be deemed released or exculpated hereunder. |
| **Exculpation** | • The Proposed Order provides the following exculpation provisions:<br><br>"**Exculpated Party**" shall mean collectively, the: (a) Debtors; (b) each member of the Ad Hoc Group; (c) the Prepetition Secured Notes Trustee; (d) the Creditors' Committee and each of its members in their capacity as such; (e) and each of their Related Parties; *provided*, that the term Released Party, Exculpated Party and Related Parties shall not include (y) Ascribe III Investments LLC, any of its predecessors, |

2

| | |
|---|---|
| | **successors and assigns, subsidiaries, affiliates, managed accounts or funds, or (z) any of their Related Persons.**<br><br>**As of the Dismissal Date, to the maximum extent permitted by applicable law, the Exculpated Parties are hereby exculpated from any claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, remedy, loss, and liability for any claim in connection with, or arising out of, the administration of the Chapter 11 Cases; the resolution and dismissal of these Chapter 11 Cases, including (but not limited to) the negotiation, formulation, preparation, dissemination, approval, implementation or consummation of the Motion and this Order; the administration of the property to be distributed under the terms of the Global Settlement and this Order; and the transactions in furtherance of any of the foregoing, other than claims or causes of action arising out of, or related to, any act or omission of an Exculpated Party that is a criminal act or constitutes fraud, gross negligence, or willful misconduct. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations, and any other applicable law or rules protecting such Exculpated Parties from liability, including pursuant to any prior order of the Court. For the avoidance of doubt, nothing herein shall exculpate or release the defendants in the Independent Director Adversary Proceeding.** |
| **Wind Down** | • Lead Case.  Basic shall be the sole remaining Debtor entity as of the Dismissal Date for the benefit of holders of claims against the Debtors and to administer the Debtors' obligations under the Global Settlement and the Proposed Order.<br><br>The Chapter 11 Case of Basic Energy Services, Inc. (Case No. 21-90002 (DRJ)) (the "**Lead Case**") shall remain open.  The remaining Chapter 11 Cases identified on **Schedule 1** to the Proposed Order (collectively, the "**Dismissed Debtors**") shall be deemed "fully administered" on the Dismissal Date and dismissed, as described below.<br><br>• Consolidation of Remaining Estate Matters.  For administrative convenience and efficiency, the Debtors request authority to have all Remaining Estate Matters related to any of the Dismissed Debtors, including without limitation, the determination and reconciliation of Administrative Expense Claims, Property Tax Claims, and General Unsecured Claims asserted against the Dismissed Debtors, consolidated, transferred to, and administered by Basic without need of any further notice to or approval of the Court.<br><br>• Authority of Basic.  Basic, on behalf of itself and each of the Dismissed Debtors is authorized and empowered to administer all Remaining Estate Matters and Remaining Estate Assets of the Debtors' estates.  Basic will |

3

| | |
|---|---|
| | be authorized and empowered, to, among other things to (subject to Court approval where required under the Bankruptcy Code):<br><br>a. enter into settlements and stipulations with creditors and other parties in interest, establish procedures for the sale or disposition of Remaining Estate Assets, and affect the sale or disposition of any such assets;<br><br>b. litigate, settle, or otherwise resolve all Remaining Estate Matters, including but not limited to the Independent Director Adversary Proceeding;<br><br>c. determine, reconcile, make distributions on account of any allowed claims in accordance with the terms of the Global Settlement;<br><br>d. pursue, recover, collect, claim, and/or reclaim all of the Remaining Estate Assets, including but not limited to Account Receivables, security deposits, excess security, and known and unknown claims; and<br><br>e. carry out, perform, and implement all provisions of the Global Settlement, the Case Resolution Procedures, and other obligations of each of the Debtors, including the Asset Purchase Agreements and the TSAs, as applicable. |
| **Costs** | • From and after the Dismissal Date, any costs of administering the Administrative Recovery Pool, Property Tax Claims, and GUC Recovery Pool shall be payable solely from the Wind Down Reserve. |
| **Distribution of Remaining Assets** | • <u>Timing of Distributions</u>.  Distributions on account of allowed Administrative Expense Claims, Property Tax Claims, and General Unsecured Claims (including from the GUC Recovery Pool in the Wind Down Director's capacity as disbursement agent) shall be made as promptly as practicable by the Wind Down Director in accordance with the Global Settlement and the terms of the Proposed Order.<br><br>• <u>Disputed Claim Reserves</u>.  The Wind Down Director shall reserve (i) from the Administrative Recovery Pool for the applicable *pro rata* amount of distribution each timely filed disputed Administrative Expense Claim would receive if it becomes an allowed Administrative Expense Claim; and (ii) from the GUC Recovery Pool for the applicable *pro rata* amount of distribution each timely filed disputed General Unsecured Claim would receive if it becomes an allowed General Unsecured Claim. |
| **Resolution of Claims** | • <u>Administration of Allowed Claims</u>.  The Wind Down Director shall be authorized and responsible for administering all claims, which shall include, but not be limited to, reconciling, entering settlements, resolving, and making distributions on account of allowed Administrative Expense Claims, Property Tax Claims, and General Unsecured Claims in |

4

| | |
|---|---|
| | accordance with the Global Settlement; *provided*, *that*, with respect to any settlements that propose to allow an Administrative Expense Claim, Property Tax Claims, or General Unsecured Claim greater than or equal to $200,000, Basic shall provide notice at least seven (7) calendar days (the "**Settlement Notice Period**"), of its intent to allow any such claims and file and serve a written notice by e-mail, facsimile, or overnight delivery service (such notice, a "**Material Settlement Notice**") on the following parties (collectively, the "**Settlement Notice Parties**"):<br><br>    a. the Office of the U.S. Trustee;<br><br>    b. counsel to the Ad Hoc Group;<br><br>    c. counsel to the Prepetition ABL Agent;<br><br>    d. counsel to the Prepetition Secured Notes Trustee;<br><br>    e. counsel to the Creditors' Committee (if still in existence);<br><br>    f. all parties who have requested notice pursuant to Bankruptcy Rule 2002; and<br><br>    g. such additional persons and entities deemed appropriate by the Debtor.<br><br>The Settlement Notice Parties shall have seven (7) calendar days after the filing and service of the Material Settlement Notice to file and serve any objections (each, a "**Settlement Objection**") to the proposed settlement. Any objections must (i) be in writing, (ii) set forth the name of the objecting party, (iii) provide the basis for the objection and the specific grounds therefor, (iv) be filed electronically with the Court, and (v) served on Basic so as to be received **on or before 4:00 p.m. (prevailing Central Time) on the last day of the Settlement Notice Period.** |
| **Form and Manner of Notice** | • Notice of Motion. The Proposed Order seeks approval of the form and manner of notice of the hearing to consider the Motion and will be served om the following parties:<br><br>    a. the Office of the U.S. Trustee;<br><br>    b. all persons or entities that have filed claims;<br><br>    c. the Internal Revenue Service;<br><br>    d. the United States Attorney's Office for the Southern District of Texas; |

5

| | |
|---|---|
| | e. all applicable governmental units;<br><br>f. all applicable taxing authorities;<br><br>g. each of the Debtors' insurance providers;<br><br>h. all parties who have requested notice pursuant to Bankruptcy Rule 2002;<br><br>i. all known prepetition and administrative creditors; and<br><br>j. such additional persons and entities deemed appropriate by the Debtors. |
| **Resolution of Chapter 11 Cases** | • Dismissal of Dismissed Debtors' Chapter 11 Cases.  As noted above, the Proposed Order seeks a final decree closing the Chapter 11 Cases of the Dismissed Debtors, leaving only the Chapter 11 Case of Basic open as of the Dismissal Date. As of the Dismissal Date, each of the Chapter 11 Cases of the Dismissed Debtors identified on **Schedule 1** to the Proposed Order shall be deemed "fully administered" within the meaning of section 350 of the Bankruptcy Code, and shall, without further hearing, be dismissed.  As soon as reasonably practicable after entry of the Proposed Order, without the need for further action on the part of this Court and without the need for further corporate action or action of the Board, to the extent not previously dissolved, the Dismissed Debtors may be dissolved pursuant to applicable state law, as determined in the discretion of the Wind Down Director.  The Proposed Order seeks authorization for the Wind Down Director, on behalf of the Debtors, to withdraw, cancel, or dissolve any of the Dismissed Debtors and to execute and file all documents necessary and proper to effectuate and consummate the dissolution of the Debtors in accordance with applicable state law.<br><br>Upon entry of the Proposed Order by the Court, such dockets of the Dismissed Debtors shall be marked as "Closed" by the Clerk of the Court.<br><br>• Continued Effectiveness of Prior Stipulations and Orders.  All releases, stipulations, settlements, liens, rulings, orders, and judgments that arise from the Chapter 11 Cases pursuant to authorization of the Court or the Bankruptcy Code, including pursuant to the Sale Orders (collectively, the "**Prior Stipulations and Orders**") shall remain in full force and effect and survive the Dismissal Date and dismissal of each of the Dismissed Debtors' Chapter 11 Cases.<br><br>• Payment of Professional Fees to Estate Professionals.  The Proposed Order provides that Basic shall schedule a final omnibus fee hearing, as necessary, with the Court (the "**Final Fee Hearing**") forty-five (45) calendar days after the Dismissal Date or as soon thereafter as practicable. Persons or firms retained by the Debtors' estates or the Creditors' |

6

Committee pursuant to section 327 or 328 of the Bankruptcy Code, except for any professionals or advisors retained by the Wind Down Director (collectively, the "**Estate Professionals**") or professionals that the Debtors have retained as ordinary course professionals, shall be required to file final requests for allowance and payment of all fees and expenses incurred during the Chapter 11 Cases through the date of the Final Fee Hearing (collectively, the "**Final Fee Applications**"), to the extent not already done, no later than twenty-one (21) days prior to the Final Fee Hearing. Notwithstanding paragraph 1(iv) of the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* (ECF No. 527), such Final Fee Application for payment of compensation and reimbursement of expenses may seek approval of all fees and expenses incurred from the Petition Date through the date of the Final Fee Hearing. Any objections to the Final Fee Applications shall be filed and served on counsel for the Debtors and such applicable Estate Professionals by 4:00 p.m. (prevailing Central Time) at least seven (7) days prior to the Final Fee Hearing. All allowed fees and expenses for the Estate Professionals shall be subject to payment out of the Professional Fees Escrow Account.

- Professional Fees Escrow Account. The Professional Fees Escrow Account shall be maintained and administered by Basic until all allowed fees of each Estate Professional are paid. After such time, any remaining cash in the Professional Fees Escrow Account will be remitted to Basic and treated in accordance with the Final DIP Order.

- Creditors' Committee. As of the Dismissal Date, the Creditors' Committee shall remain in existence; provided, that, all fees and expenses incurred by the Creditors' Committee, including, without limitation, all professional fees, shall be entitled to payment as administrative expenses from assets of the estate, but shall not be payable from the Administrative Recovery Pool.

- Retention of Jurisdiction. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of the Proposed Order and any other order of this Court entered in the Chapter 11 Cases, including, among other things, all Remaining Estate Matters, any pleading filed by or against Basic, and any disputes, motions, or adversary proceedings regarding any Remaining Estate Assets.

  If the Court abstains from exercising, or declines to exercise, jurisdiction or is otherwise without jurisdiction over any matter arising out of this Motion, such abstention, refusal, or failure of jurisdiction shall have no effect upon and shall not control, prohibit, or limit the exercise of jurisdiction by any other court having competent jurisdiction with respect to such matter.