UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
<u>HOUSTON</u> DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **Chapter 11** |
| BASIC ENERGY SERVICES, INC., *et al.*, | § | |
| | § | Case No. 21-90002 (DRJ) |
| Debtors[1] | § | (Jointly Administered) |

**DEMAND FOR JURY TRIAL AND MOTION OF PEDRO DE LA ROSA AND ANGELINA DE LA ROSA FOR WITHDRAWAL OF THE REFERENCE**

To the Honorable Judges of the Bankruptcy Court and District Court:

PEDRO DE LA ROSA and ANGELINA DE LA ROSA (collectively the **"Movants"**) file this Demand for a Jury Trial and Motion for Withdrawal of the Reference (the **"Motion"**), including pursuant to the Seventh Amendment to the United States Constitution and 28 U.S.C. § 157(b)(5)&(d) and BK Local Rule 5011-1 and Fed. R. Bankr. P. 5011, respecting the LIQUIDATION TRUSTEE'S OBJECTION (Dkt. #1662) (the **"Objection"**) to the Movants' Proof of Claim (Claim # 126) (the **"Claim"**), requesting withdrawal of the reference of the entirety of the proceeding(s) as to the Objection to the Claim, including any contested proceeding(s) and/or adversary proceeding(s) arising therefrom, and in support of this Motion the Movants would show the Court as follows:

**I. DEMAND FOR JURY TRIAL**

1. The Movants hereby demand trial by jury of all issues.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Basic Energy Services, L.P. (1819); Basic Energy Services, Inc. (1194); C&J Well Services, Inc. (5684); KVS Transportation, Inc. (4882); Indigo Injection #3, LLC (7657); Basic Energy Services GP, LLC (1197); Basic Energy Services LP, LLC (1195); Taylor Industries, LLC (7037); SCH Disposal, L.L.C. (8335); Agua Libre Holdco LLC (3092); Agua Libre Asset Co LLC (1409); Agua Libre Midstream LLC (6701); and Basic ESA, Inc. (2279). The Debtors' headquarters and service address for the purposes of these chapter 11 cases is 801 Cherry Street, Suite 2100, Fort Worth, Texas 76102.

## II. WITHDRAWAL OF THE REFERENCE

### BACKGROUND

2. On March 1, 2022, the Movants filed the subject proof of claim (Claim #126) against the Debtors for the catastrophic personal injuries sustained by the Movants arising from a tanker truck rollover. Attached to said proof of claim is the Movants' First Amended Petition (filed in the state court action which predates the filing of the instant bankruptcy), which Claim and Petition are incorporated herein.

3. On or about March 23, 2023, the Liquidation Trustee filed its Objection (Dkt. #1662) to the Claim (described above), as to which the Movants hereby demand a jury trial.

4. Under the Bankruptcy Code and general order(s) of this District, Title 11 cases and proceedings under Title 11 are automatically referred in the first instance to the bankruptcy judges of this district (the "reference"). The Movants seek to withdraw the reference as to the proceedings stemming from the Objection, for the following reasons.

### ARGUMENTS AND AUTHORITIES

5. Bankruptcy courts have jurisdiction over Title 11 cases by reference from the district court. Said reference must be withdrawn as to personal injury tort claims. *See* 28 U.S.C. § 157(b)(5) ("The district court **shall** order that **personal injury tort** and wrongful death claims **shall be tried in the district court** in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.") As applied here, the Claim, including all causes of action subsumed therein, consist purely of personal injury tort claims, as demonstrated by the First Amended Petition that is attached to the Claim, which Petition is incorporated herein and of which the Court is asked to take judicial notice. Accordingly, this Motion should be granted.

6. An additional, independent ground for this Motion is that the district court may withdraw this reference for "cause". See 28 U.S.C. § 157(d). "Cause" is established when the claim concerns matters for which: there is a right to a jury trial; said jury trial has been demanded; and there is no consent of the parties to said trial in the bankruptcy court. Withdrawal under such circumstances is mandatory. See *In re MBM Sand Co., LLC*, No. 20-32883, 2021 WL 8016834, at *7 (Bankr. S.D. Tex. Apr. 15, 2021) ("The second instance in which the reference must be withdrawn is controlled by § 157(e). Section 157(e) provides that where a party is entitled to a jury trial, a bankruptcy judge may conduct that trial with, inter alia, the express consent of all the parties. Where that consent has been withheld or expressly denied, as here,75 the reference **must** be withdrawn so that a jury trial can proceed in the proper Article III court.76.") (emphasis added); *Levine v. Blake (In re Blake)*, 400 B.R. 200, 205 (Bankr. S.D. Tex. Sept. 22, 2008) (recommending withdrawal of reference where party was entitled to jury trial, because "[t]he Fifth Circuit holds that without consent of the parties, a bankruptcy judge **lacks the authority** to conduct a jury trial") (emphasis added), report and recommendation adopted, *Levine v. M & A Custom Home Builder & Developer, LLC*, 400 B.R. 200 (S.D. Tex. 2008); see also *In re Clay*, 35 F.3d 190, 197-98 (5th Cir. 1994)); *Mirant Corp. v. Southern Co.*, 337 B.R. 107, 122 (N.D. Tex. 2006) ("[In] *In re Clay* the Fifth Circuit held that there **must** be a withdrawal of the reference as to claims to which the right to trial by jury attach.") (emphasis added)

7. As applied here, the Claim, including all causes of action subsumed therein, are entirely personal injury claims, as demonstrated by the First Amended Petition that is attached to the Claim, which Petition is incorporated herein and of which the Court is asked to take judicial notice. Therefore, the Movants have a right to a jury trial on the Claim. See *In re Clay*, 35 F.3d

190, 197 (5th Cir. 1994); see also, 28 U.S.C.A. § 1411(a) ("Except as provided in subsection (b)[2] of this section, this chapter and title 11 do not affect any right to trial by jury that an individual has under applicable nonbankruptcy law with regard to a **personal injury** or wrongful death tort **claim.**"); see also, the Seventh Amendment to the United States Constitution. In addition, the Movants have timely asserted their jury trial demand (see above) given that this jury demand was properly filed within 14 days after the last pleading directed to the issue was served.[3] Here, the "last pleading directed to the issue" is the Response to the Objection (which Response is not even due yet at the time that this Motion is filed) or alternatively is the Objection itself. In *either* event, this Motion is filed within said 14-day period. Lastly, the Movants hereby inform the Court and the Non-Movant that the Movants are not consenting to a jury trial being heard by the Bankruptcy Court.

PRAYER

The Movants respectfully request that the Court withdraw the reference and send the subject proceedings, in their entirety, to the District Court, and for further relief to which the Movants are entitled.

Respectfully submitted,

VILLEDA LAW GROUP

_____
Antonio Villeda
State Bar No. 20585300
avilleda@mybusinesslawyer.com

---

[2] Which does not apply here given that the instant bankruptcy is a voluntary, rather than an involuntary, case.
[3] A jury trial demand may be combined with a motion to withdraw reference. See, e.g., *In re Latimer*, 918 F.2d 136, 137 (10th Cir. 1990).

Mark Talbot
State Bar No. 19618850
mtalbot@mybusinesslawyer.com

6316 North 10th Street, Bldg. B
McAllen, Texas 78504
Telephone: (956) 631-9100
Facsimile: (956) 631-9146

**Attorneys for Claimants**

### CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2023, a true and correct copy of the above and foregoing document was served as indicated upon the following:

Aaron Guerrero                                                                                        Via ECF
BONDS ELLIS EPPICH SCHAFER JONES LLP
950 Echo Lane, Suite 120
Houston, Texas 77024
aaron.guerrero@bondsellis.com
*Attorney for David Dunn, Liquidation Trustee*

All Parties Requesting Notice of Service (via ECF)

_____
Antonio Villeda