## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| BASIC ENERGY SERVICES, INC., *et al.*[1], | § | Case No. 21-90002 (CML) |
| | § | |
| DEBTORS. | § | (Jointly Administered) |

### MOTION FOR ORDER APPROVING COMPROMISE AND SETTLEMENT PURSUANT TO BANKRUPTCY RULE 9019

**If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

**A hearing will be conducted on this matter on May 8, 2025 at 1:00 PM in Courtroom 401, 4th floor, 515 Rusk, Houston, TX 77002. You may participate in the hearing either in person or by an audio and video connection.**

**Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Lopez's conference room number is 590153. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Lopez's home page. The meeting code is "JudgeLopez". Click the settings icon in the upper right corner and enter your name under the personal information setting.**

**Hearing appearance must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Lopez's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Basic Energy Services, L.P. (1819); Basic Energy Services, Inc. (1194); C&J Well Services, Inc. (5684); KVS Transportation, Inc. (4882); Indigo Injection #3, LLC (7657); Basic Energy Services GP, LLC (1197); Basic Energy Services LP, LLC (1195); Taylor Industries, LLC (7037); SCH Disposal, L.L.C. (8335); Agua Libre Holdco LLC (3092); Agua Libre Asset Co LLC (1409); Agua Libre Midstream LLC (6701); and Basic ESA, Inc. (2279). The Debtors' headquarters and service address for the purposes of these chapter 11 cases is 801 Cherry Street, Suite 2100, Fort Worth, Texas 76102

1

TO THE HONORABLE CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE:

NOW COMES, David Dunn (the "Trustee"), Liquidation Trustee for the Basic Energy Liquidation Trust, and files this Motion for Order Approving Compromise and Settlement Pursuant to Bankruptcy Rule 9019 (the "Motion"), and in support thereof respectfully show the Court as follows:

## I.   RELIEF REQUESTED

1. By this Motion, and in accordance with Bankruptcy Rule 9019(a),[2] the Trustee requests that the Court enter an order approving the Settlement Agreement and Release (the "Settlement") between Jackson Walker LLP ("JW") and the Trustee that would resolve any and all claims and causes of action of any kind held by the Trustee and the Debtors' estates against JW arising out of or related to Case No. 21-90002; *In re Basic Energy Services, Inc., et al.*; in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Case"), Case No. 23-00645; *In re Professional Fee Matters Concerning the Jackson Walker Law Firm* in the United States Bankruptcy Court for the Southern District of Texas (the "Misc. Proceeding"), and the relationship between Elizabeth Freeman and former Bankruptcy Judge David R. Jones. A copy of the Settlement Agreement is attached as **Exhibit A** to the proposed order attached to this Motion. In exchange for the releases set forth in the Settlement Agreement, JW shall pay the Trustee $783,000.00 (the "Settlement Amount"), which will be distributed pursuant to the terms of the confirmed Plan (defined below) in the Bankruptcy Case.

## II.   JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is

---

[2] Article V.C.10 of the Plan (defined below) provides that the Trustee may compromise or settle any claims without supervision or approval by the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules. Nonetheless, the Trustee files this Motion under Bankruptcy Rule 9019 and seeks approval from this Court.

a core proceeding under 28 U.S.C. § 157. The Trustee confirms his consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The basis for the relief requested herein is Rule 9019 of the Federal Rules of Bankruptcy Procedure.

### III. BACKGROUND

4. On August 17, 2021 (the "Petition Date"), each Debtor[3] filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"). The Bankruptcy Case was before former Judge Jones.

5. On December 13, 2021, the Debtors filed their *Application for Entry of an Order Authorizing the Retention and Employment of Jackson Walker LLP as Counsel to the Debtors* [Docket No. 809]. JW's employment application was approved by former Judge Jones on January 19, 2022 [Docket No. 997].

6. On June 25, 2022, the Debtors filed the *Combined Plan of Liquidation and Disclosure Statement of Basic Energy Services, Inc., and its Affiliated Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1266]. On June 28, 2022, the Court entered an Order [Docket No. 1272] conditionally approving the disclosure statement. On August 9, 2022,

---

[3] For purposes of this Motion, the term "Debtor" means each of the following and the term "Debtors" means all of the following: Basic Energy Services, L.P.; Basic Energy Services, Inc.; C&J Well Services, Inc.; KVS Transportation, Inc.; Indigo Injection #3, LLC; Basic Energy Services GP, LLC; Basic Energy Services LP, LLC; Taylor Industries, LLC; SCH Disposal, L.L.C.; Agua Libre Holdco LLC; Agua Libre Asset Co LLC; Agua Libre Midstream LLC; and Basic ESA, Inc.

Debtors filed the *Amended Combined Disclosure Statement and Joint Plan of Liquidation of Basic Energy Services, Inc. and Its Affiliated Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1421] (as amended, "Plan and Disclosure Statement" or "Plan").  Also on August 9, 2022, the Court entered an *Order Confirming the Debtors' Combined Plan of Liquidation and Approving on a Final Basis the Disclosure Statement of Basic Energy Services, Inc., and its Affiliated Debtors Pursuant to Chapter 11 of the Bankruptcy Code* (the "Confirmation Order") [Docket No. 1436].

7. On August 26, 2022, the effective date of the Plan occurred (the "Effective Date") and the Debtors filed the *Notice of (i) Entry of Confirmation Order, (ii) Occurrence of the Effective Date, and (iii) Related Bar Dates* [Docket No. 1454].

8. On September 2, 2022, JW filed its *First and Final Fee Application for Allowance and Payment of Fees and Expenses as Counsel to the Debtors for the Period from November 10, 2021 through August 9, 2022* (the "Fee Application") [Docket No. 1459]. JW's Fee Application was approved by order entered by former Judge Jones on September 29, 2022, awarding compensation and reimbursement of expenses in the amount of $1,543,432.34 [Docket No. 1511].

9. On or about November 2, 2023, Keven M. Epstein, the United States Trustee for Region 7 (the "U.S. Trustee"), filed a motion that sought, among other relief, the vacatur of orders approving JW's retention as counsel and/or JW's fee applications pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure [Docket No. 1759]. On February 29, 2024, the U.S. Trustee filed an amended Rule 60(b)(6) motion in the Bankruptcy Case [Docket No. 1791]. The basis of the U.S. Trustee's motions was the undisclosed relationship between former Judge Jones and JW's former partner, Elizabeth Freeman.

10. On December 9, 2023, an Order was entered commencing the Misc. Proceeding.

11. On February 28, 2024, the Trustee filed his *Joinder in United States Trustee's Motion for Relief from Judgment or Order Pursuant to Federal Rule of Civil Procedure 60(b)(6) and Federal Rule of Bankruptcy Procedure 9024 Approving Any Jackson Walker Applications for Compensation and Reimbursement of Expenses* [Docket No. 1788].

12. On May 22, 2024, JW filed its response in opposition to the U.S. Trustee motions [Docket No. 1834].

13. On July 1, 2024, the U.S. Trustee filed his reply [Docket No. 1846].

14. On August 12, 2024, JW filed its sur-reply [Docket No. 1849].

15. JW disputes the merits of the U.S. Trustee's motion and the Trustee's joinder. JW also disputes any other basis to challenge JW's employment and/or fee orders entered in the Bankruptcy Case or JW's acts or omissions in relation to the Bankruptcy Case, and asserts that the release and exculpation provisions of the confirmed Plan bar any potential claims against JW and relieve JW from any and all potential liability in relation to the Bankruptcy Case.

16. The Trustee has participated in the Misc. Proceeding since its inception, including his counsel attending in excess of 30 fact witness and expert depositions, as well as propounded written discovery to JW, reviewed thousands of documents produced, and attended numerous hearings. The Trustee has attended multiple meetings and participated in regular calls with the U.S. Trustee and other trustees, debtors, plan administrators and plan agents in other bankruptcy cases. The parties to Misc. Proceeding engaged in discovery from May 2024 through December 2024, and a trial on the issue of vacatur of JW's final fee application as raised in the U.S. Trustee's motion is currently set before the Honorable Chief Judge Eduardo V. Rodriguez in May 2025.

17. On March 5, 2025, JW and the Trustee participated in a mediation regarding the allegations in the U.S. Trustee motion, as joined by the Trustee, and the Trustee's claims (or

5

potential claims) against JW with Judge Royal Ferguson (Ret.) and Judge Gary Feess (Ret.) serving as mediators.

18. As a result thereof, JW and the Trustee reached a settlement that fully and completely settles and resolves the disputes between them on the terms and conditions set forth in the Settlement Agreement.

### IV.   SUMMARY OF SETTLEMENT AGREEMENT[4]

19. Within 3 business days of an order granting this Motion becoming a Final Order (as defined therein), JW will pay to the Trustee $783,000.00 (the "Settlement Amount"), which will be distributed pursuant to the terms of the confirmed Plan in the Bankruptcy Case.

20. In exchange for the Settlement Amount, JW and the Trustee are providing mutual releases. The Trustee, as fully set forth in the Settlement Agreement, will release JW from any and all claims and causes of action involving any act, matter, transaction, occurrence, or event before the Effective Date, including claims and causes of action arising from or relating to the Bankruptcy Case, the U.S. Trustee's motion, the Trustee's joinder and the relationship between Elizabeth Freeman and former Judge Jones.  JW, as more fully set forth in the Settlement Agreement, will release the Trustee from all claims and causes of action involving any act, matter, transaction occurrence, or event before the Effective Date, including claims and causes of action arising from or related to the Bankruptcy Case, the U.S. Trustee's motion, the Trustee's joinder, and the relationship between Elizabeth Freeman and former Judge Jones.

### V.   ARGUMENTS AND AUTHORITIES

21. Rule 9019(a) states that "[o]n motion by the trustee and after notice and a hearing,

---

[4] The summary of the settlement terms is being provided herein for convenience only.  To the extent of any inconsistency between this summary and the Settlement Agreement attached hereto, the Settlement Agreement prevails.

6

the court may approve a compromise or settlement . . . ." Fed. R. Bankr. P. 9019(a). "Bankruptcy Rule 9019, unique in that it does not have a parallel section in the Code, has a 'clear purpose…to prevent the making of concealed agreements which are unknown to the creditors and unevaluated by the court.'" *Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC)*, 478 F.3d 452, 461 (5th Cir. 2007)(quoting *In re Masters, Inc.*, 141 Bankr. E.D.N.Y. 1992)).

22. "Courts have developed standards to evaluate if a settlement is fair and equitable, and, to that end, courts in [the Fifth] Circuit have set forth factors for approval of settlements based on the original framework announced in *TMT Trailer Ferry Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*…" *Id.* at 462. Those factors are:

  i. The balance between the litigation's possibility of success and the settlement's future benefits;

  ii. The likelihood of complex and protracted litigation, with its attendant expense, inconvenience, and delay, including the difficulty in collecting on the judgment;

  iii. The paramount interests of the creditors, including each affected class's relative benefits and the degree to which creditors either do not object to or affirmatively support the proposed settlement;

  iv. Whether other parties in interest support the settlement;

  v. The competency and experience of counsel supporting, and the experience and knowledge of the bankruptcy judge reviewing, the settlement;

  vi. The nature and breadth of releases to be obtained by [the settling party]; and

  vii. The extent to which the settlement is the product of arm's length bargaining.

*See Iridium*, 478 F.3d at 462 (citing *TMT Trailer Ferry*, 390 U.S. at 424; *In re WorldCom, Inc.*, 347 B.R. 123, 137 (Bankr. S.D.N.Y. 2006); *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d

285, 292 (2d Cir. 1992)).

23. The Trustee contends that the terms of the Settlement Agreement are fair and equitable pursuant to the requirements established by the Supreme Court in *Anderson* and the Fifth Circuit in *Iridium*. The Settlement Agreement gives the Trustee and Liquidation Trust the full benefit of the Settlement Amount without the time, expense and uncertainty of litigation.

**A. The balance between the litigation's possibility of success and the settlement's future benefits**

24. The Trustee contends that the possibility of success in the litigation against JW is high but there are a substantial questions concerning: (a) the amount of time it will take to litigate and/or recover against JW (including any applicable appeals); and (b) the amount of recovery the Trustee will realize through litigation when balanced against the cost of continued litigation. The Settlement Amount provides a significant recovery for the Liquidation Trust for payment to creditors in accordance with the confirmed Plan and eliminates the litigation risk of continuing to litigate the claims against JW.

25. The Trustee submits there is a significant likelihood that the orders approving JW's fee applications will be vacated, thus opening up the possibility that fees paid to JW will be clawed back to the Liquidation Trust. However, the trial currently set to commence in May will not determine the amount of fees to be recovered, if any. The Trustee would then be required to pursue additional litigation to recover fees and, more importantly, the amount of fees to be recovered, at this time, is uncertain. Appeals could also follow further extending the litigation timeline.

26. The Settlement Agreement and Settlement Amount provides the Liquidation Trust with more than half of the fees awarded to JW, upon an order approving the Settlement Amount becoming final, to be paid to the estates' creditors in accordance with the confirmed Plan.

**B. The likelihood of complex and protracted litigation, with its attendant expense,**

**inconvenience, and delay, including the difficulty in collecting on the judgment**

27. There is a high likelihood that litigation will be complex and protracted. As discussed above, the trial set to commence in May 2025 only addresses the issue of whether the orders approving JW's fee applications will be vacated. Even if the Trustee prevails in at trial in May 2025, the issue of sanctions and/or disgorgement and how much will be left unresolved, and the Trustee recognizes that, under applicable law, even if the order approving JW's final fee application is vacated, such result is unlikely to result in disgorgement of 100% of fees in any later disgorgement or sanctions hearing. Additionally, the Trustee has retained counsel with respect to the U.S. Trustee's motions and will continue to need to retain and pay counsel with respect to any sanctions and/or disgorgement proceeding. A settlement now brings finality and eliminates any meaningful litigation and collection risk. However, that risk could increase with the passage of time and continued litigation.

**C. The paramount interests of the creditors, including each affected class's relative benefits and the degree to which creditors either do not object to or affirmatively support the proposed settlement**

28. The Trustee is of the firm belief that the Settlement Agreement is in the best interest of the creditors as the Settlement Agreement removes any uncertainty of litigation, stops the Litigation Trust from incurring further attorney's fees and expenses in connection with these disputes, and provides a substantial recovery for the benefit of the creditors. This is also a substantial step in bringing the administration of the Liquidation Trust to an end.

**D. Whether other parties in interest support the settlement**

29. The Trustee submits this factor favors settlement. The confirmed Plan and Liquidation Trust Agreement (as defined in the Plan) in this case established a Liquidation Trust Oversight Committee, which includes representatives designated by the primary creditor

constituencies in this case, including the official committee of unsecured creditors. The Liquidation Trust Oversight Committee, who represents the interests of the major creditor constituencies, supports the settlement, which the Trustee submits reflects the support of creditors for the settlement.

### E. The nature and breadth of releases to be obtained by JW and the Trustee

30. The Settlement Agreement contains customary broad mutual releases among JW and the Trustee on behalf of the bankruptcy estates. This is to bring finality to the claims and disputes between the Trustee and JW.

### F. The competency and experience of counsel supporting, and the experience and knowledge of the bankruptcy judge reviewing, the settlement; the Settlement Agreement was the result of arms-length negotiations

31. Counsel for the Trustee and JW, as well as Judge Lopez, are competent and experienced in the Bankruptcy Code, Bankruptcy Rules, bankruptcy related litigation and the administration of bankruptcy estates. The Settlement Agreement was reached after fifteen (15) months of litigation, over seven (7) months of discovery, and after the parties exchanged settlement proposals both prior to and at mediation. The settlement was reached following extensive arms-length negotiations conducted during mediation with two experienced mediators and retired Federal Judges.

32. The Trustee recognizes that a degree of uncertainty and litigation risk exists with respect to continued litigation. The Trustee believes that the Settlement Agreement fairly accounts for such risk and provides for the resolution of disputes without the need for continued litigation and its attendant costs and expenses. The Trustee has attempted to achieve a resolution that maximizes value for the estate. Consequently, the Trustee urges that the Settlement Agreement is fair, equitable, and in the best interest of the estate and all concerned parties.

WHEREFORE, the Trustee respectfully request that the Court enter an order approving the Settlement Agreement and granting the Trustee such other legal or equitable relief as the Court may deem just and proper.

DATED: April 4, 2025

Respectfully submitted,

**BONDS ELLIS EPPICH SCHAFER JONES LLP**

*/s/ Aaron M. Guerrero*
Ken Green (Texas State Bar No. 24036677)
Aaron M. Guerrero (Texas State Bar No. 24050698)
Bryan Prentice (Texas State Bar No. 24099787)
402 Heights Boulevard
Houston, Texas 77007
(713) 335-4990 telephone
(832) 740-1411 facsimile
ken.green@bondsellis.com
aaron.guerrero@bondsellis.com
bryan.prentice@bondsellis.com

**COUNSEL FOR DAVID DUNN, LIQUIDATION TRUSTEE OF THE BASIC ENERGY LIQUIDATION TRUST**

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2025, a true and correct copy of the foregoing Motion for Order Approving Compromise and Settlement Pursuant to Bankruptcy Rule 9019 was filed with the Court and served via the Court's CM/ECF notification system upon all parties registered to receive such electronic notices in this case.

*/s/ Aaron M. Guerrero*
Aaron M. Guerrero